IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY


Irene Dickerson,                          :
                    Plaintiff,            :          C.A. No.: S14C-07-026 (RFS)
                                          :
        v.                                :
                                          :
Julianne E. Murray, Esq, Murray Law LLC,  :
                    Defendants.           :


### *MEMORANDUM OPINION*


Upon Defendants' Motion to Dismiss Count Two. Granted.



Date Submitted: October 17, 2014

Date Decided: February 3, 2015



        Herbert W. Mondros, Esquire, Margolis Edelstein, 300 Delaware Ave., Suite 800 Wilmington, DE 19801, Attorney for Defendants

        Patrick Scanlon, Law Offices of Patrick Scanlon, 203 NE Front Street, Suite 101, Milford, DE, 19963, Attorney for Plaintiff



STOKES, J.

1

# I. INTRODUCTION

This matter is presently before the Court on the motion of Julianne E. Murray, Esquire, and Murray Law (collectively, "Defendants") for dismissal of Count Two. Defendants move this Court for an order dismissing Count Two of the Complaint[1] pursuant to Superior Court Civil Rule 12.[2] Irene Dickerson's ("Plaintiff") claims arise out of the alleged negligent provision of legal services.[3] Defendants represented Plaintiff in the underlying transaction in which Defendants drafted a note resulting in the mortgage of the Plaintiff's property.[4]

Plaintiff asserts during the course of the representation Defendants were negligent and violated a "conflict of interest" in providing legal services.[5] In response, Defendants move this Court to dismiss Count Two contending Plaintiff failed to state a claim upon which relief can be granted and subject matter

---

[1] Def's Mem. Supp. Mot. to Dismiss at 2–3.

[2] *See,* Super. Ct. Civ. R. 12(b) (providing, *inter alia*, parties may move to dismiss actions for the following reasons: "(1) [l]ack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19").

[3] Pl's Resp. To Def.'s Mot. to Dismiss at 2–3.

[4] *Id.*

[5] *Id* at 2–5.

jurisdiction is lacking with respect to Count Two.[6]

For the following reasons, Defendants' Motion to Dismiss Count Two is **GRANTED.**

## II. FACTS AND PROCEDURAL POSTURE

According to the plaintiff, on May 28, 2013, Defendants represented Plaintiff in a transaction effectuating a mortgage in order to provide a third-party the funds to purchase a property.[7] Defendants prepared a note to enable Plaintiff to mortgage her property for the benefit of Matthew Chasanov, Plaintiff's grandson, and his wife, Lindsay Chasanov (collectively the "Chasanovs").[8]

The note, drafted by Defendants, did not include many of the standard provisions typical of a mortgage transaction.[9] For example, the note lacked clauses for acceleration, amortization, attorney's fees in the event of default, interest, and the signatures of the Chasanovs.[10] The note was signed only by

---

[6] Def's Mem. Supp. Mot. to Dismiss at 2–3. Defendants seek dismissal of Count Two under subsection "(1) [l]ack of jurisdiction over the subject matter" and "(6) failure to state a claim upon which relief can be granted." Super. Ct. Civ. R. 12(b).

[7] Compl. at ¶ 4; Pl's Resp. To Def.'s Mot. to Dismiss at 2–3.

[8] Compl. at ¶ 4.

[9] *Id.* at ¶ 5–8.

[10] *Id.*

3

Plaintiff and her husband, Mathew Dickerson, resulting in their personal liability in the event of default.[11]

Plaintiff agreed to complete the mortgage transaction with the understanding that the Chasanovs would make her mortgage payments.[12] Upon completion of the transaction, the Chasanovs purchased a home together as husband and wife.[13] Shortly thereafter, the Chasanovs defaulted after making only one payment on the note resulting in damages of approximately $148,000.[14] Plaintiff subsequently filed the present suit against the Defendants.[15]

Defendants' instant motion to dismiss was filed August 28, 2014.[16] Plaintiff timely filed a response on September 24, 2014.[17] On October 3, 2014 Defendants' Motion to Dismiss was heard and later Memoranda of Law were provided to the Court regarding the dismissal of Count Two on October 13, 2014.[18] For the

---

[11] *Id.* ¶ 7.

[12] *Id.* at ¶ 4.

[13] *Id.* ¶ 7.

[14] *Id.* at ¶ 8.

[15] *See,* Compl.

[16] *See,* Def's Mot. to Dismiss.

[17] *See,* Pl's Resp. To Def.'s Mot. to Dismiss

[18] *See,* Pl's Mem. of Law on Count Two, Conflict of Interest; Def's Mem. Supp. Mot. to Dismiss.

reasons explained below, the Court will enter an order granting the motion to dismiss Count Two, the "conflict of interest" claim.

### III. STANDARD OF REVIEW

The Court may grant a motion to dismiss if the pleadings fail to comply with the governing standard in Delaware–reasonable conceivability.[19]  In analyzing a motion to dismiss, Delaware trial courts limit their considerations to the well-pleaded allegations in the complaint, accepting them as true,[20] and draw on the reasonable factual inferences in favor of the non-moving party.[21]

"A complaint is 'well-pled' if it puts the opposing party on notice of the claim being brought against it."[22]  As such, "[t]he complaint itself 'need only give

---

[19] *Spence v. Funk,* 396 A.2d 967, 968 (Del. 1978) (explaining the governing standard for a motion to dismiss in Delaware as "whether a plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint").

[20] *Plant v. Catalytic Constr. Co.,*287 A.2d 682, 686 (Del. Super.1972), *aff'd*, 297 A.2d 37 (Del.1972) (providing that "all factual allegations of the complaint are accepted as true" when deciding a motion to dismiss); *Solomon v. Pathe Commc'ns Corp.*, 672 A.2d 35, 38 (Del. 1996) (explaining how "the truthfulness of all well-pleaded allegations in the complaint is to be assumed"); *see also, Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896 (Del. 2002).

[21] *In re USACafes, L.P. Litig.*, 600 A.2d 43, 47 (Del. Ch. 1991) (asserting that Delaware courts must give "the benefit of all reasonable inferences that can be drawn from its pleading"); *see also*, *Ramunno v. Cawley,* 705 A.2d 1029, 1034 (Del. 1998); *Savor, Inc.*, 812 A.2d at 896; *Tatro v. Esham,* 335 A.2d 623, 625 (Del .Super.1975).

[22] *Boyce Thompson Inst. v. MedImmune, Inc.*, 2009 WL 1482237 (Del. Super. 2009) (citing *Precision Air v. Standard Chlorine of Del.*, 654 A.2d 403, 406 (Del. 1995)).

5

general notice of the claim asserted....'"[23] Accordingly, "a motion to dismiss, at such a preliminary stage, requires the [trial] court to determine with reasonable certainty that a plaintiff could prevail on no set of facts that can be inferred from the pleadings."[24]

In addition, this Court may "grant a dismissal 'pursuant to Superior Court Civil Rule 12(b)(1) when it lacks jurisdiction over the subject matter' of the complaint."[25] "The jurisdiction of the subject matter of any controversy in any court must be determined in the first instance by the allegations of the complaint."[26] This Court must make a determination as to subject matter jurisdiction by accepting the allegations set forth by the non-moving party as

---

[23] *Solomon,* 672 A.2d at 38 (quoting *Rabkin v. Philip A. Hunt Chemical Corp.,* 498 A.2d 1099, 1104 (Del. 1985)).

[24] *Solomon*, 672 A.2d at 38 (quotations omitted); *see also*, *In re USACafes, L.P. Litig.*, 600 A.2d at 47 (stating "[o]nly if the court can say with reasonable certainty that plaintiff could prevail on no state of facts inferable from the pleadings may the court dismiss a complaint at this preliminary stage"); *Kesting v. River Rd. Swimming Club*, 2014 WL 7149932, at *1 (Del. Super. Dec. 15, 2014) (stating "[a] motion to dismiss for failure to state a claim upon which relief can be granted will not be granted if the plaintiff may recover under any conceivable set of circumstances susceptible of proof under the complaint").

[25] Super. Ct. Civ. R. 12; *Reybold Venture Grp. XI A, LLC v. Atl. Meridian Crossing, LLC*, 2009 WL 143107, at *2 (Del. Super. Jan. 20, 2009) (quoting *Smith v. Dep't of Pub. Safety of the State of Del.*, 1999 WL 1225250, at *5 (Del. Super. 1999), aff'd, 765 A.2d 953 (Del. 2000) (Table)).

[26] *Stidham v. Brooks*, 5 A.2d 522, 524 (Del. 1939).

6

true.[27]   If this Court determines Plaintiff's claim is a purely equitable cause of action, then the Court may properly grant a dismissal[28] because Superior Court's jurisdiction lies in matters of law,[29] as opposed to the Court of Chancery's jurisdiction, which lies in matters of equity.[30]

Accordingly, this Court may enter an order dismissing Count Two for two reasons.  First, Plaintiff has failed to state a claim upon which relief can be granted.  Alternatively, this Court may enter an order granting dismissal for lack of subject matter jurisdiction.


# IV. ANALYSIS

## A. Count Two May Be Dismissed for Failure to State A Claim Upon Which Relief Can be Granted in Accordance with Rule 12(b)(6)

### i. A Violation of Professional Ethics Standards Does Not Constitute an Independent Cause of Action

---

[27] *Grace v. Morgan*, 2004 WL 26858, at *1 (Del. Super.) (citing *Diebold v. Computer Leasing, Inc. v. Commercial Credit Corp.*, 267 A.2d 586 (Del.1970)).

[28] *Id.*

[29] Del. Const. art. IV, § 7; 10 *Del. C.* § 541.

[30] 10 Del. C. §§ 341, 342; *McMahon v. New Castle Assoc.*, 532 A.2d 601, 602 (Del. Ch. 1987).

Count Two alleges Defendants acted in contravention of Plaintiff's best interest by maintaining representation notwithstanding an alleged conflict of interest.[31] Defendants, on the other hand, argue Count Two should be dismissed.[32]

Delaware Lawyers' Rules of Professional Conduct provide "a lawyer shall not represent a client if the representation involves a conflict of interest."[33] However, this proposition in itself is subject to exception.[34]

Even if an attorney failed to adequately represent clients with concurrent conflicting interest in accordance with the Rules, it is well-settled and "generally recognized that the intent of professional ethical codes is to establish a disciplinary remedy rather than to create civil liability."[35] In fact, the preamble of the Delaware Rules explicitly states the following:

"[v]iolation of a Rule should not itself give rise to a cause of action

---

[31] Compl. at ¶ 4–8.

[32] *See generally,* Def's Mem. Supp. Mot. to Dismiss.

[33] DE R RPC Rule 1.7.

[34] *Id.* (stating "[n]otwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if: (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client; (2) the representation is not prohibited by law; (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and (4) each affected client gives informed consent confirmed in writing).

[35] 50 A.L.R.5th 301 (Originally published in 1997).

against a lawyer nor should it create any presumption in such a case that a legal duty has been breached. In addition, violation of a Rule does not necessarily warrant any other nondisciplinary remedy, such as disqualification of a lawyer in pending litigation. The rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability. Furthermore, the purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons. The fact that a Rule is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the Rule."[36]

As such, an alleged Rule violation by the Plaintiff, in itself, does not provide the basis for civil liability as this is contrary to the Rules' stated purpose.

Delaware Courts have held violations of a canon of ethics or professional standards, standing alone, are not actionable because the Rules themselves were not intended to be independent causes of action.[37]  Thus, Plaintiff does not have an independent cause of action for Defendants' alleged violation of the Rules standing alone.[38]

---

[36] DE R RPC Scope.

[37] *See, Flaig v. Ferrara*, 1996 WL 944860, at *3 (Del. Super. Apr. 15, 1996) (holding "use of the Rules as a legal standard to show an independent breach of a duty would be directly contrary to Delaware Supreme Court precedent and the Scope of the Rules).

[38] *Id.*

9

## ii. Violations of Professional Ethics Standards May Be Utilized As Evidence in a Negligence Action

Although a violation of professional ethics standards may not be used as an independent cause of action, a violation may be material evidence in a separate cause of action.[39] Under Delaware law, when a plaintiff makes a claim for negligence "the Rules may be used, to the extent relevant, to support" whether an attorney "may have breached a common law duty to the plaintiff."[40] In this case, violations of the professional ethics standards may be utilized as evidence to support the negligence claim,[41] Count One,[42] but do not constitute a separate claim.[43]

As such, Count Two is redundant as to Count One because the alleged violations in Count Two are not actionable standing alone and are ancillary to the Plaintiff's negligence claim.[44] In fact, Plaintiff's "conflict of interest" claim is predicated on the same alleged wrongful conduct as the negligence action.[45] The

---

[39] *Id.* (providing that a purported violation of the Delaware Rules of Professional conduct may be utilized to support alleged malpractice).

[40] *Id.*

[41] *Id.*

[42] *See generally*, Compl.

[43] *Flaig*, 1996 WL 944860, at *3.

[44] *Id.*

[45] *See generally*, Compl.

Delaware Rules of Professional Conduct and any suspected Rule violations resulting from the actions of the Defendants, to the extent they are relevant, may be introduced to bolster the negligence claim.[46] The Court finds Count Two is superfluous and dismissal of Count Two is thus warranted.

### iii. Professional Negligence is Distinct from a Breach of Fiduciary Duty Claim

Additionally, an order granting dismissal may be entered as to Count Two because relief may not be granted under any reasonable interpretation of the facts based on the failure to substantiate the elements of a potential claim for relief.[47] Liability arising out of representing clients with conflicting interests may attach under different legal theories.[48] For example, an attorney may be liable under a negligence theory or a claim for breach of fiduciary duty.[49]

In the instant case, negligence and a "conflict of interest" claim have been

---

[46] *Gatz Properties LLC v. Preston*, 2014 WL 1725822, at *10 (Del. Super. Apr. 15, 2014) (finding "Plaintiffs may introduce the Delaware Rules of Professional Conduct as evidence that Defendants breached a common law duty owed to Plaintiffs"); *see also*, *Flaig,* 1996 WL 944860, at *3.

[47] *Grace*, 2004 WL 26858, at *

[48] 50 A.L.R.5th 301 (Originally published in 1997).

[49] *Id.*

11

asserted.[50] Drawing on a reasonable inference, "conflict of interest" could plausibly be interpreted to mean a breach of fiduciary duty. The question is whether this case sounds in professional negligence, or a claim for breach of a fiduciary duty because these claims are distinct.[51]

In order to prevail on a breach of fiduciary duty action, unlike a negligence claim, Plaintiff must demonstrate the attorney-client relationship between the Defendants and Plaintiff was fiduciary in nature.[52] Generally, a fiduciary relationship requires "a special trust relationship between the parties."[53] Fiduciary relationships typically develop when one party "reposes special trust in another or where a special duty exists on the part of one person to protect the interest of another."[54]

---

[50] *See*, Compl.

[51] *Compare Gatz Properties LLC*, 2014 WL 1725822, at *9 (explaining "there are three elements of legal malpractice: 'a) the employment of the attorney; b) the attorney's neglect of a professional obligation; and c) resulting loss'") (quoting *Flowers v. Ramunno*, 27 A.3d 551, *2 (Del. 2011)), *with Grace*, 2004 WL 26858, at *2 (Del. Super. Jan. 6, 2004) (describing the specific requirement of a special relationship for a breach of fiduciary duty claim).

[52] *Grace*, 2004 WL 26858, at *2.

[53] *Id*.; *see also*, *Keith v. Sioris*, 2007 WL 544039, at *7 (Del. Super. Jan. 10, 2007) (emphasizing "[i]t should be noted that the Court of Chancery has held that 'attention must be paid to the word 'special' lest the statement be thought to describe too broadly Chancery's concerns with relationships where an element of trust, as commonly understood, is present'") (*quoting Heller v. Kiernan*, 2002 WL 385545, at *3 (Del. Ch. Feb. 27, 2002) *aff'd,* 806 A.2d 164 (Del. 2002).

[54] *Wal-Mart Stores, Inc. v. AIG Life Ins. Co.*, 872 A.2d 611, 624 (Del. Ch. 2005) *aff'd in part, rev'd in part,* 901 A.2d 106 (Del. 2006) (citations omitted).

Customarily, a fiduciary is "one who is entrusted with the power to manage and control the property of another."[55] Corporations, partnerships, trusts, and estates typically exhibit the characteristics of a fiduciary relationship.[56] An attorney may take on a fiduciary role "in narrow circumstances."[57] For example, when an attorney "is acting in a second capacity like a trustee or corporate manager[,]" "[s]uch as in the case of client trust accounts."[58]

Simply labeling an attorney a fiduciary, however, is insufficient because nomenclature does not establish duties.[59] "[A]n attorney must act in some capacity beyond the mere provision of legal services to owe actionable fiduciary duties."[60]

---

[55] *Bond Purchase, L.L.C v. Patriot Tax Credit Props.*, L.P., 746 A.2d 842, 864 (Del. Ch.1999); *see also, Wilmington Leasing, Inc. v. Parrish Leasing Co.,* 1996 WL 752364, at *14 n. 19 (Del. Ch. Dec.23, 1996).

[56] *Sokol Holdings, Inc. v. Dorsey & Whitney, LLP*, 2009 WL 2501542, at *3–4 (Del. Ch. Aug. 5, 2009) (citing Donald J. Wolfe, Jr. & Michael A. Pittenger, *Corporate and Commercial Practice in the Delaware Court of Chancery* § 2.03[b][l] (2008)).

[57] *Rich Realty, Inc. v. Potter Anderson & Corroon LLP*, 2011 WL 743400, at *3 (Del. Super. Feb. 21, 2011).

[58] *Sokol Holdings, Inc.*, 2009 WL 2501542, at *4; *see also, Rich Realty*, Inc., 2011 WL 743400, at *3.

[59] *See, e.g., Keith*, 2007 WL 544039, at *7 (demonstrating "[a]s the Delaware Supreme Court noted, agreeing with the Court of Chancery decision it was reviewing, the Court is 'mindful of the fact that normal business dealings can sometimes take on certain aspects of a fiduciary relationship. At the same time, however, it is vitally important that the exacting standards of fiduciary duties not be extended to quotidian commercial relationships'") (quoting *Wal-Mart Stores, Inc. v. AIG Life Ins. Co.*, 901 A.2d 106, 114 (Del. 2006). *Rich Realty, Inc.*, 2011 WL 743400, at *3.

[60] *Rich Realty, Inc.*, 2011 WL 743400, at *3.

13

In the present case, Plaintiff has failed to allege factual contentions sufficient to prove the existence of a special trust, or relationship to substantiate a breach of fiduciary duty claim.[61] Rather, representations by Plaintiff indicate Defendants did not go beyond providing legal service.[62] Defendants' rendering of legal services, therefore, did not establish a fiduciary relationship because merely establishing an attorney-client relationship does not de facto give rise to fiduciary duties.[63] Absent a fiduciary relationship between Plaintiff and Defendants, the Defendants did not owe Plaintiff a fiduciary duty.[64]

Thus, there are insufficient facts from which a court could reasonably conclude Defendants breached a fiduciary duty owed to Plaintiff.[65] Accordingly, an order granting dismissal may be entered because relief may not be granted under any reasonable interpretation of the facts.[66]

---

[61] *See,* Compl. (describing the "Plaintiff [a]s an elderly widow with a limited income," and a lawyer's role as "a 'protector of widows and orphans' as is [the] traditional goal of attorneys" is not sufficient to establish fiduciary duty) (emphasis in original).

[62] *See,* id. (illustrating the relationship between the parties as one involving legal representation and advise not entrustment).

[63] *Sokol Holdings, Inc.*, 2009 WL 2501542, at *4; *see also, Rich Realty, Inc.*, 2011 WL 743400, at *3 (explaining [i]ndeed, attorneys are colloquially referred to as 'fiduciaries,'" but that alone is insufficient).

[64] *Grace*, 2004 WL 26858, at *9.

[65] *Id.*

[66] Super. Ct. Civ. R. 12(b)(6); *see also, Spence,* 396 A.2d at 968.

14

***B. Count Two May be Dismissed For Lack of Subject Matter Jurisdiction in***

***Accordance With Rule 12(b)(1)***

Plaintiff invites the Court to entertain a "conflict of interest" action noting that other jurisdictions recognize conflict of interest as an independent cause of action.[67] Pursuant to 12(b)(1),[68] Defendants contend that Count Two should be dismissed for lack of subject matter jurisdiction.[69] Defendants assert Count Two is essentially an equitable claim for breach of a fiduciary duty and as such jurisdiction is properly with the Court of Chancery, not Superior Court.[70]

It appears to the Court, what Plaintiff seeks to gain is an order awarding monetary damages, a legal remedy.[71] Disputes seeking only monetary damages are generally within this Court's jurisdiction; however, the nature of the remedy, in it of

---

[67] *See,* Def's Mem. Supp. Mot. To Dismiss at 1 (summarizing Plaintiff's position in regards to the recognition of a conflict of interest action is that "other jurisdictions, including Idaho, Pennsylvania and California recognize a cause of action for conflict of interest"); *see generally,* Compl.

[68] Super. Ct. Civ. R. 12(b)(1).

[69] Def's Mem. Supp. Mot. to Dismiss at 2–3.

[70] *Id.*

[71] Pl's Mem. Of Law on Count Two at 6 (explaining "[t]he relief Plaintiff seeks is money damages and not equitable relief").

15

itself, is not dispositive in terms of jurisdiction.[72] Rather, the origin of the right being asserted may also impact what court may properly exercise subject matter jurisdiction.[73] In the instant case, the origin of the asserted right in a breach of fiduciary duty claim is equity because "equity, not law, is the source" of a fiduciary relationship.[74] Jurisdiction for a breach of fiduciary duty action is properly in the Chancery Court, even if only monetary damages are sought, because the claim arises out of a relationship that is equitable in nature.[75]

Furthermore, it is a well-accepted principle of Delaware law that this Court lacks subject matter jurisdiction to entertain equitable causes of action.[76] This Court has held a "[b]reach of fiduciary duty is an equitable cause of action and the Chancery Court has exclusive jurisdiction over [such claims]."[77] As such, the Court of Chancery has exclusive subject matter jurisdiction to adjudicate a breach of fiduciary

---

[72] *See, Grace*, 2004 WL 2658, at *2 (explaining "[w]hile the nature of the remedy is relevant, the focus of the jurisdictional inquiry regarding a fiduciary claim is whether a special relationship of trust existed between the parties sufficient to establish the fiduciary duty").

[73] *Id.*

[74] *McMahon,* 532 A.2d at 604.

[75] Grace, 2004 WL 2658, at *2.

[76] *McMahon,* 532 A.2d at 604.

[77] *Estate of Buonamici v. Morici*, 2009 WL 792390, at *1 (Del. Super. Mar. 25 2009) (quoting *Reybold Venture Group XI-A, LLC,* 2009 WL 143107*,* at *3).

claim.[78]

Thus, the Court may dismiss Count Two because this Court lacks subject matter jurisdiction to entertain a breach of fiduciary duty claim.[79] Even if the Court did have subject matter jurisdiction to consider Count Two, it appears that Defendant did not owe the Plaintiff a fiduciary duty. Additionally, even assuming *arguendo* that a fiduciary duty was owed to Plaintiff, Plaintiff has failed to factually support the elements of such a claim. Therefore, in light of Plaintiffs failure to factually and legally support a valid claim an order entering dismissal is also warranted because the Plaintiff has failed to state a claim upon which relief could be granted.[80]

## V. CONCLUSION

For all of these reasons, Defendants' motion to dismiss Count Two, the "conflict of interest" claim, is **GRANTED.**

**IT IS SO ORDERED.**

---

[78] *Id.*

[79] Super. Ct. Civ. R. 12(b)(1); *see, e.g., Grace,* 2004 WL 26858, at *2 (dismissing a breach of fiduciary duty claim seeking only monetary damages citing lack of subject matter jurisdiction).

[80] Super. Ct. Civ. R. 12(b)(6); *see, e.g., Rich Realty, Inc.,* 2011 WL 743400, at *3 (finding an attorney does not owe fiduciary duties to a client based solely on the provision of legal services).

cc: Prothonotary

/s/ Richard F. Stokes

Richard F. Stokes