# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

ELEANOR ABRAHAM, ET AL.,

                     **Plaintiffs,**

VS.

ST. CROIX RENAISSANCE GROUP, LLLP,

                     **Defendant.**

CASE NO. SX-11-CV-0000550

ACTION FOR: DAMAGES

# NOTICE OF ENTRY OF
# MEMORANDUM OPINION AND ORDER

TO:   JUDGES AND MAGISTRATE JUDGES OF THE SUPERIOR COURT
       LEE J. ROHN, ESQ.
       JOEL H. HOLT, ESQ.
       CARL J. HARTMANN III, ESQ.
       IT/LAW CLERKS/LAW LIBRARY
       ORDER BOOK

PLEASE TAKE NOTICE that on February 03, 2020 a(n) MEMORANDUM OPINION AND ORDER dated February 03, 2020 were entered by the Clerk in the above-entitled matter.

Dated: February 03, 2020

TAMARA CHARLES
CLERK OF THE COURT

By: _____
CHERYL A. PARRIS
COURT CLERK III

FOR OFFICIAL PUBLICATION

## SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| ELEANOR ABRAHAM; PHILLP ABRAHAM; RATCLIFFE ABRAHAM; ELIZABETH ABREU; EDELMIRO ACOSTA; MARTHA ACOSTA; TOMAS J. ACOSTA; TOMAS ACOSTA, JR.; YAMARIS ACOSTA; CHARMAINE N. ALBERT, individually and as parent to minors AUSTIN B. ANDRE, BEVINGTON R. ANDRE, CHRIS L. ANDRE and FELICHA C. ANDRE; DAVIDSON ALDONZA, individually and as parent to minors ABIGAIL ALDONZA, BRIANNER ALDONZA, BRYSON ALDONZA, and RUTHLIN ALDONZA; CHRISTINA ALEXANDER; OLIVE ALEXANDER; ANASTASIA ALPHONSE; BRIAN ALPHONSE; KELVIN ALPHONSE; JULITA ANDREW; JEROME ANTHONY; VIOLET ANTHONY; PRISCILLIA ANTOINE; CAMILLE ARJUNE; IAN ARJUNE; HECTOR M. ARROYO, JR.; HECTOR M. ARROYO, SR.; MARIA C. ARROYO; MARILYN ARROYO; PAULA ARROYO; PETRA ARROYO; CHRISTOPHER ATHILL; MERKEY R. AUGUSTE; DENIS J. AUGUSTINE; AWILDA AYALA; CARMELA AYALA; EVANGELISTA J. AYALA, JR.; EVANGELISTA J. AYALA, SR.; JAHAIRA AYALA; JESUS M. AYALA; MANUEL AYALA; ROSANDA AYALA, individually and as parent to minors JASON A. AYALA and JESUS AYALA, JR.; MELVINA A. BARNARD; SANDRA BARNARD, individually and as parent to minor TREJUAN CONCEPCION; SHAWN BARNARD; LEONOR BARNARD-LIBURD, individually and as parent to minor MILLINA PARRIS; AKIMA BENJAMIN; ALIE BENJAMIN; ASHSBA BENJAMIN; YVETTE BENJAMIN, individually and as parent to minors ASHEMA HARRIS and JOSEPH N. HARRIS; CATHERINE BERAS; LULILA BERAS; ANDRIA BONIT; TIMOTHY BONIT; CARLO J. BOULOGNE; ALEXIS BRIGHT; EDRED BROOKS; LESTROY BRIGHT; IVA T. BROWN; GWENETH BROWNE; SYLVIA BROWNE; GEORGE O. BRYAN, JR.; KAYLA K. BURGOS; IMOGEN CAINES; AURA E. CANDELARIO; FRANCISCO J. CARMONA; WILFREDO CARMONA, JR.; LAO CARMEN CARRASQUILLO; AMPARO CARRASQUILLO, individually and as parent to minor JAHVAN J. NAVARRO; ANGEL MARIO CARRASQUILLO; JULIO A. CARRASQUILLO; LEISHA L. CARRASQUILLO, | CASE NO. SX-11-CV-550 COMPLEX LITIGATION DIVISION |

individually and as parent to minors MARCUS A. )
NOLASCO, JR. and EDILBERTO ANTHONY )
VILLANUEVA, III; SHERMAINE CARTIER; VALENTIN )
CEDENO; JOHANNA CEPEDA; LUZ CEPEDA, )
individually and as parent to minor ANTHONY )
CEPEDA; REGALADO CEPEDA, III; REGALADO )
CEPEDA, IV; REGALADO CEPEDA, JR.; VITALIENNE A. )
CHASSANA; JOSEPH CHRISTOPHE; MARYANNA )
CHRISTOPHE; ANA CIRLIO; SONIA N. CIRLIO; )
TUWANDA CLARKE; SKITTER CLERCIN; CELESTIN )
CLOVIS; REGINA J. CLOVIS; THEOPHILIUS COBB; )
VERONICA COBB; RAYMOND CODRINGTON; IVETTE )
COLON; LUIS R. COLON; LENDALE CORDICE, JR.; )
DOMINGO CORON; MARIA P. CORREA; CHRISTINA )
CRUZ; MARIA CRUZ; ORLANDO CRUZ; ALFREDO )
CUENCAS, JR.; ADREA Y. DANIEL; CAMMIE O. DANIEL; )
CYRIL DANIEL, JR.; STANLEY DANIEL; SUZETTE )
DANIEL; FRANCIS DAVID; RUBY C. DAVID; ENRIQUE )
DAVIS; MERCEDES DAVIS; SAMUEL DAVIS; GLADYS )
DAVIS-FELIZ, individually and as parent to minor )
ERIC O. DAVIS; ELIE DEJESUS; THEODORE M. )
DEJESUS; KEVIN F. DELANDE; MATTHEW DENIS; )
MARY DENNIE; NKOSI B. DENNIE; ELIZABETH )
DIAZ;FIADALIZO DIAZ; MAUD DREW; BENJAMIN )
DURAND; DAVID DURAND; FENNELLA DURAND, )
individually and as parent to minors JASI R. )
COUREURE and SHOMALIE C. COUREURE; GWENETH )
DURAND; JAMAL R. DURAND; KISHMA R. DURAND; )
RUDOLPH DURAND; RUDOLPH DURAND, JR.; )
BRANDON C. DUVIVIER; LEARA EDWARD, )
individually and as parent to minor NEGES COOPER; )
PATRICK EDWARD; VIRGINIA ESTEPHANE; CARLTON )
ETTIENNE; MADONA ETTIENNE, individually and as )
parent to minors KAREEM ETTIENNE and JADY )
SYLVAIN; SYLVIA EVELYN; ALANE K. FELIX; ALVIN )
FELIX; DOMINGO FELIX; EDYMARIE FELIX; )
HYACINTH M. FELIX; ISABEL FELIX; ISIDORO FELIX; )
JASMINE FELIX; MARIA B. FELIX; MARIUS F. FELIX; )
MATHILDA FELIX; SASHA MARIE FELIX, individually )
and as parent to minors TAHEYRAH FELIX, DANI )
MARIE HOSPEDALES, DENNIS K. HOSPEDALES, and )
DESTANI L. HOSPEDALES; NEESHAWN FERDINAND; )
PEARLINE FERDINAND; RENEE FERDINAND; RINEL )
FERDINAND; JOSE ANTONIO FULGENCIO; DELIA )

FLAVIEN; KENYAN FONTENELLE; LUIS M.                )
FULGENCIO; NILSA CRUZ FULGENCIO; MARTHA            )
GARCIA; ALCENTA GEORGE; AMOS GEORGE;               )
CHARLES GEORGE; INEZ GEORGE; LUCIA M. GEORGE;      )
SHARON E. GILL; GEORGE GLASGOW; WILHEMINA          )
GLASGOW; ANGEL LUIS GOMEZ; VERNON GREEN;           )
CHARLES GREENAWAY; VERONICA GREENAWAY;             )
WENDELL GROUBY; MARGARITA GUADALUPE;               )
ALCIDES GUERRERO; CASIANO GUERRERO,                )
individually and as parent to minor VERONICA       )
HANES; KENISHA C. HENDRICKSON, individually and    )
as parent to minors ZAQUAN ALMESTICA, JAHI         )
JONAS, and ZARYAH JONAS; JOSEPHAT HENRY;           )
LUCILLE HENRY; MARY HENRY; MARIA HEPBURN;          )
EDMOND HODGE; VERA IRWIN; STELLA B. ISAAC;         )
VERRALL ISAAC; JANET C. JACOBS, individually and   )
as parent to minor JUSTIN J. JOSEPH; BARBARA       )
JAIRAM; KELMAN JAIRAM; AKEEM JAMES; KAREEM         )
JAMES; SYBIL JAMES; GEORGE JEAN-BAPTISTE; LISA     )
JEAN-BAPTISTE; MAGDALENA JEAN-BAPTISTE,            )
individually and as parent to minors TAMERA JEAN-  )
BAPTISTE and TIA JEAN-BAPTISTE; ALFRED JOHN,       )
JR.; ESTRELLITA MARIE JOHN; IGNATIUS JOHN;         )
YAHMILLIA JOHN; JOHN JORDAN; INGEMA KHAN;          )
EMILY J. KITURE, individually and as parent to     )
minors KISH'MARIE V. CARMONA, WILMARICE S.         )
CARMONA, and E'MARLEY CARMONA; JANICE              )
KITURE; LUCINA KITURE; BARBARA KNIGHT;             )
CASSANDRA LAFORCE; JOSEPH LAFORCE, JR.;            )
FERMIN LEBRON, JR.; MARILUZ LEBRON; JOHN B.        )
LEO; HERBERT LEONCE; LEONARD LIBURD;               )
VERONICA LLANOS, individually and as parent to     )
minor VERONIQUE LLANOS; CARMEN M. LOPEZ,           )
individually and as parent to minors JASHIRA M.    )
LOPEZ and ALLOY O. ALLEN, JR.; MAISHALEEN          )
LOPEZ; MIGUEL A. LOPEZ; MIGUEL A. LOPEZ, JR.;      )
MYRNA LOPEZ; APREEL LUBIN; JOEL PATRICK            )
LUBIN; JONAH NEWELL LUBIN; BEVERLY ANN LUBIN-      )
DUMAN; CORALI LUGO, individually and as parent to  )
minors GISELLE LUGO and MARC A. LUGO; JERGE L.     )
LUGO; KRYSTAL LUGO; EJAJIE MALAYKHAN; SHAM         )
MALAYKHAN; SURAJ MALAYKHAN; ANA                    )
MALDONADO; CYNTHIA MARK; HUMBERTO                  )
MARTINEZ; ANDREA MARTINEZ; CONCEPTION              )

MARTINEZ; LYNNETTE MARTINEZ, individually and )
as parent to minor JOSE E. VAZQUEZ, JR.; RAMON )
MARTINEZ; ALFORD MATTHEW; ASIAH MATTHEW; )
ESTINE MATTHEW; EUPHELIE MATTHEW; MARIA )
MATTHEW; MARTIN MATTHEW; MICHAEL L. )
MATTHEW; SHIRLEY (LA FORCE) MATTHEW; )
CHAMARIE MAYNARD; MARIA MAYNARD; NADEEN V. )
MAYNARD, individually and as parent to minor )
NADEAN V. WALTERS; JOSE REYES MELENDEZ; )
ANDREA MIRANDA; MIGUEL MIRANDA; CLAIRE- )
MINA MITCHELL; CLARIE-MINA A. MITCHELL; JANICE )
MITCHELL, individually and as parent to minor )
QUEANA MITCHELL; NANCY MITCHELL; SHARON )
MITCHELL; MELWYN MOE; MARIA LUZ MORALES; )
ERSILIE MORRIS; SENNET E. MORRIS; CATHERINE )
MORTON; JULIAN E. MORTON, JR.; MONROE )
MORTON; CARMEN NAVARRO, individually and as )
parent to minor CRISTINA RUIZ; LUZ D. NAVARRO; )
MARCO A. NAVARRO; MARIA NAVARRO, individually )
and as parent to minors GILBERTO NAVARRO and )
GILMARIE NAVARRO; MARIA MERCEDES NAVARRO; )
NELSON NAVARRO; JOAN NICHOLAS; LATOYA Y. )
NICHOLAS; SANDY NICHOLAS; DORETTE F. )
NOORHASAN; LENNOX E. NOORHASAN; SHANE )
ANTONIO NOORHASAN; MARILYN NYACK; WILBURN )
O'REILLY; ALVIN PAIGE; ARA PAIGE, individually and )
as parent to minor IAN BURKE; CARMEN AMARO )
PARRILLA, individually and as parent to minors )
CHRISTIAN PARRILLA, JR., MIGUEL J. PARRILLA, and )
NATACHA PARRILLA; DELORES I. PARRILLA, )
individually and as parent to minor ROBERTO )
PARRILLA, JR.; JOEL PARRILLA; JUAN PARRILLA; )
ORLANDO PARRILLA; RAQUEL PARRILLA; PEDRO )
JUAN PARRILLA; ROBERTO PARRILLA, SR.; SONIA M. )
PARRILLA; TARA PARRILLA; WILFREDO PARRILLA; )
ORLIMAGELYS PARRILLA; DELORES PARRILLA- )
FERDINAND; CANDIS M. PEMBERTON; MAJARIE C. )
PEMBERTON; MARCO GARCIA PENA; CARLOS A. )
PEREZ; CARLOS ALBERTO PEREZ; CARMEN L. PEREZ; )
JORGE A. PEREZ; JOSE M. PEREZ; NAISHMA K. PEREZ; )
NYDIA PEREZ, individually and as parent to minor )
PAULA Y. PEREZ; TUWANDA PEREZ; VICTOR M. )
PEREZ; XAVIER M. PEREZ; YAMILEISY PEREZ; )
YARITZA PEREZ; YLONIS J. PEREZ; YOMAR A. PEREZ; )

ZALEMIE Y. PEREZ; AMERICA PEREZ-AYALA,                    )
individually and as parent to minors NEISHALEE           )
PEREZ and VICTOR MANUEL PEREZ, III; ARTHUR               )
PHILLIP; MARTIAL PHILLIP; MARVA PHILLIP;                 )
MARVIN PHILLIP; TERRY M. PHILLIP; JOSE PICART;           )
DEMETRIO A. PILIER, individually and as parent to        )
minors LIZANDRO PILIER and LIZANGEL PILIER;              )
CRIPSON PLASKETT; DILIA PLASKETT, individually           )
and as parent to minor ANGELA S. VENTURA;                )
WILLIAM A. PLASKETT; CORNELIA POLIDORE;                  )
KERISCIA POLIDORE; LAWRENCE POLYDORE;                    )
MISCELDA PRESCOTT; KIMBEL PRESIDENT;                     )
KIMBERLY PRESIDENT; GODFREY G. PREVILLE;                 )
MIGDALIA PROFIL; DAVID PRYCE; PHILBERT PRYCE,            )
JR.; ISABELLA N. QUILDAN; KAREEM QUILDAN; IRIS           )
M. QUINONES; JOSE WILLIAM QUINONES; RUTH A.              )
QUINONES; SILA QUINONES; ANDRES MERCADO                  )
RAMIREZ; BRUNILDA RAMOS; DANIEL RAMOS;                   )
GABRIEL RAMOS; JORGE RAMOS; JOSEFINA RAMOS;              )
MARCELA RAMOS; ERIDANIA REYES; EVARISTO                  )
REYES; FRANCISCA C. REYES, individually and as          )
parent to minors NAYOSHE REYES; JUAN A. REYES;          )
JUANICO REYES; MAXIMO GUERRERO REYES;                   )
WANDA J. REYES; LAURENCEA RICHARDSON;                   )
MARILYN RICHARDSON, individually and as parent          )
to minor JOVON GONZAGUE; CECILIA RIOS; ANA              )
CELIA RIVERA; BEATRICE RIVERA; BELKIS RIVERA;           )
EBONY RIVERA; MIRIAM RIVERA; SANDRO RIVERA;             )
JESSICA C. ROBLES; BENJAMIN ROBLES, JR.;               )
BENJAMIN ROBLES, SR.; ELISE ROBLES; ISMAEL             )
ROBLES; IVETTE ROBLES; JOSE LUIS ROBLES;               )
MARTINA L. RODNEY; JULIO RODRIGUEZ; LILLIAN R.         )
RODRIGUEZ, individually and as parent to minor          )
MIGUEL A. RODRIGUEZ; MIGUELY RODRIGUEZ;                )
AKEEL ROGERS; PABLO ROJAS; FRENANDO L.                 )
ROLDAN; JEREMY L. ROLDAN; ANGELA PAGAN                 )
ROSARIO; NEELIA ROSS; JOANNE RUIZ, individually         )
and as parent to minors ANGELO J. CARMONA,             )
ALAIKA E. GREENIDGE, ALLEN H. GREENIDGE, JR.,          )
TALAIYA A. GREENIDGE, and TAKIMA T. RUIZ; RUT          )
RUIZ, individually and as parent to minor JAHLIAH T.    )
LEO; CARMEN SALDANA; EDDIE ADNER SALDANA;              )
EDWIN SALDANA; RAQUEL SALDANA, individually             )
and as parent to minor KRYSTAL MARAGH; ANGEL           )

ALBERTO SANCHEZ; EDITH SANCHEZ; JOSE ALBERTO    )
SANCHEZ; JOSE E. SANCHEZ; JOSE ROBERTO    )
SANCHEZ; ANGEL L. SANES; JOSHUA SANES; MIGUEL    )
ANGEL SANES; YADIRA SANTANA; JOSE LANSO    )
SANTIAGO; ARTEMIA SANTIAGO; CARLOS L.    )
SANTIAGO; CHAYANNE SANTIAGO; ELIEVER    )
SANTIAGO; LYDIA SANTIAGO; MAYNALYS SANTIAGO;    )
ANGELICA SANTOS; RAMONA SANTOS; THERESITA    )
SANTOS; MARIA SERRANO; MARTHA SERRANO;    )
MARTIN SERRANO, JR.; GRETA SHALTO; JEANETTE    )
SHAW-JACOBS; HELEN SHIRLEY; RAMISHA SLATER,    )
individually and as parent to minor BRANDON T.B.    )
WILSON, II; KEISHA P. SMITH; KEVIN E. SMITH;    )
NATASHA SMITH; JENNIFER SOTO; JEREMY SOTO;    )
JORGE SOTO; LUIS ENRIQUE SOTO, individually and    )
as parent to minor LUIS E. SOTO; MARIA L. SOTO;    )
ROSA SOTO; ANTHONY ST. BRICE; CLAUDIA    )
STEVENS; JEREMIAH C. STUBBS, individually and as    )
parent to minor MARIAH C. STUBBS; ANNETTE J.    )
TAYLOR; BERYL E. TAYLOR; DEBBIE R. TAYLOR;    )
ALITA V. THEOPHILUS; MARSHA THOMAS,    )
individually and as parent to minors TAMIREA N.    )
TANIS and TANIS, NAHOMEY; TORRES, JOSE    )
MANUEL, JR.; TORRES, LINDA; CARMEN VALENTINE;    )
SANTIAGO O. VALENTINE, JR.; VASQUEZ, NOEMI S.;    )
VEGA, EFRAIN; VEGA, LUIS FELIX JR.; VEGA, LUZ    )
DELIA, individually and as parent to minors    )
SHANLEY T. VEGA and FRANSHESKA VEGA; LUIS    )
FELIX VEGA; FERMIN VEGAS LEBRON; CARMEN R.    )
VELEZ; CORPORINA VELEZ; JOSE R. VELEZ.; JOSE    )
RAMON VELEZ; MARGARITA VELEZ; MIGUEL ANGEL    )
VELEZ; NORMA VELEZ; YESENIA VELEZ; ANGEL L.    )
VENTURA; ANNA MARIA VENTURA; CARLOS    )
VENTURA, JR.; CARMEN L. VENTURA; EDNA    )
VENTURA; JOSE MIGUEL VENTURA; KARLA    )
JEANETTE VENTURA; NOELIA SOTO VENTURA;    )
XIOMARA I. VENTURA, individually and as parent to    )
minor DIANE N. DENIS; SHELIA L. VILLANUEVA;    )
CLAYTON WILLIAMS; IDELFONSA WILLIAMS; URMA    )
WILLIAMS; ALFRED WILSON; BRANDON T.B.    )
WILSON; CINDY WILSON, individually and as parent    )
to minor JUSTIN RIVERA; DIANA N. WILSON,    )
individually and as parent to minor SHAEDEAN N.    )
ROLDAN; DUNN WILTSHIRE; ETHELBERT    )

WILTSHIRE; GREGG WILTSHIRE; HERMINE    )
WILTSHIRE, individually and as guardian to minor    )
CHRISTINA WILTSHIRE; and PETER WILTSHIRE,    )
     )
                **Plaintiffs,**    )
     )
            **v.**    )
     )
ST. CROIX RENAISSANCE GROUP LLLP,    )
     )
               **Defendant.**    )
     )

Cite as: 2020 VI Super 21

**Appearances:**

**LEE J. ROHN, ESQ.**
**RHEA R. LAWRENCE, ESQ.**
Lee J. Rohn & Associates, LLC
Christiansted, VI 00820
*For Plaintiffs*

**JOEL H. HOLT, ESQ.**
Law Offices of Joel H. Holt
Christiansted, VI 00820
*For Defendant St. Croix Renaissance Group, LLLP*

**CARL J. HARTMAN III, ESQ.**
Christiansted, VI 00820
*For Defendant St. Croix Renaissance Group, LLLP*

## MEMORANDUM OPINION

**MOLLOY,** *Judge.*

¶1   **THIS MATTER** is before the Court further to the response filed by the Plaintiffs to the Court's February 19, 2019 Memorandum Opinion and Order, directing them to show cause in writing why this case should not be administratively closed or, in the alternative, why all Plaintiffs except the first-named plaintiff should not be dropped and ordered to file complaints individually. *See generally Abraham v. St. Croix Renaissance Group, LLLP*, 70 V.I. 84 (Super. Ct. 2019). Defendant St. Croix Renaissance Group, LLLP ("SCRG") filed a reply to the Plaintiffs' response. For the reasons

stated below, the Court will drop all Plaintiffs except Eleanor Abraham, sever their claims, and order them to file complaints individually. Additionally, because the Plaintiffs failed to address the concerns the Court raised about the interrelatedness of this case with the other *In re: Red Dust Claims* ("*Red Dust*") cases, specifically whether there is duplication of claims against SCRG, the Court will further drop SCRG from the *Red Dust* cases and sever all claims against SCRG, and order the *Red Dust* plaintiffs to refile their claims against SCRG in new complaints. Each Plaintiff with claims in both cases must assert their claims against SCRG in one complaint.

## I. BACKGROUND

¶2    In its prior Memorandum Opinion, this Court detailed the interrelated background of the *Red Dust* cases, namely *Josephat Henry, et al. v. St. Croix Alumina, LLC, et al.* ("*Henry*"), *Laurie L.A. Abednego, et al. v. St. Croix Alumina, LLC, et al.* ("*Abednego*"), and *Phillip Abraham, et al. v. St. Croix Alumina, LLC, et al.* ("*Phillip Abraham*"). *See generally Abraham*, 70 V.I. at 92-100. That background need not to be restated at length. Briefly, *Henry* was filed in 1999 in the then-Territorial Court of the Virgin Islands as a class action and removed to the District Court of the Virgin Islands ("District Court"). Classes, including subclasses, were certified, decertified, and recertified. Once the damages class was decertified, only the named plaintiffs remained. So, the former class members filed *Abednego*. *Abednego* was also removed to the District Court but remanded. Before remand, several plaintiffs were dismissed because their attorney, Lee J. Rohn, Esq. ("Attorney Rohn") could not prove they had retained her and all plaintiffs' claims against SCRG were dismissed because plaintiffs' counsel purportedly lacked authority to sue SCRG. The District Court then remanded *Abednego* because it lacked subject-matter jurisdiction.

¶3    Shortly before remand, those plaintiffs who were dismissed because they did not have retainer agreements filed a complaint in the Superior Court of the Virgin Islands against St. Croix Alumina, LLC, Alcoa, Inc., and Glencore, Ltd., the same defendants named in *Henry*. That case is *Phillip Abraham*. The *Phillip Abraham* plaintiffs did not name SCRG as a defendant, however. Several months later this case (*Eleanor Abraham*) was filed, naming SCRG as the only defendant. The persons who filed this case, over 500, were less than those who had filed *Abednego* (over 2500), but more than those who filed *Phillip Abraham* (just under 200). Although facts alleged in all three cases overlapped, the number of plaintiffs did not. Consequently, this Court asked whether "*Eleanor*

*Abraham* [was] an offshoot of *Abednego*, and in turn an offshoot of *Henry*. Or, does *Eleanor Abraham* just involve similar facts as the *Red Dust* cases, but the cases are different enough that they are not related. The answer to these questions may be dispositive here." *Id.* at 107. The Plaintiffs filed their response on March 13, 2019, and SCRG replied the next day.

## II. DISCUSSION

¶4    In their response, the Plaintiffs concede "that there are Plaintiffs in this case that are already part of the *In re Red Dust* Master Case . . . ." (Pls.' Resp. to Show Cause Order 1, filed Mar. 13, 2019.) But they also note that "there are Plaintiffs in this case that are not currently part of the *In Re Red Dust* Master Docket." *Id.* Thus, the Plaintiffs do not "oppose[] an order that requires them to refile individual complaints on behalf of the Plaintiffs in this case . . . ." *Id.* But "only those Plaintiffs that do not currently have their case pending under the *In Re Red Dust* Docket," *id.*, should have to refile individually, they contend. The reason why, according to the Plaintiffs, is because those who "are *already part of* the *In Re Red Dust* Master Docket . . . do not need to refile complaints." *Id.* (emphasis added).

¶5    SCRG disagrees, asserting that this case must be closed. The Plaintiffs "agree with Defendant SCRG that there are Plaintiffs in this case that are already part of the In Re Red Dust Master Docket." (Def.'s Resp. to Pls.' Filing Re this Ct's Feb. 19th "Show Cause" Order 2 (quoting Pls.' Resp. 1), filed Mar. 14, 2019.) The order that severed the *Abednego* plaintiffs' claims and directed the plaintiffs to refile individually also provided that anyone who failed to comply would be dismissed. According to SCRG, any Plaintiff in this case who did not refile a complaint has already been dismissed. Thus, this case should be closed. *See id.* at 3 ("[T]his case should be administratively closed, as all of the remaining plaintiffs who did not file new complaints, as required by Judge Brady's prior Order, were automatically dismissed.") In the alternative, if the Court allows the Plaintiffs "to file new complaints," *id.*, the Court should limit the claims the Plaintiffs can assert in their new complaints, SCRG argues, based on "representations that Plaintiffs' counsel has made to the Court . . . as well as . . . subsequent pleadings . . . ." *Id.*

¶6    The Court cannot agree with either side here in part because neither adequately addressed the Court's concerns, leaving the Court between a rock and a hard place. The Plaintiffs failed to directly address whether this case is *Henry IV*, so to speak, if *Abednego* is *Henry II* and *Phillip*

*Abraham* is *Henry III.* Yet, they admit that some Plaintiffs did refile individual complaints as directed in *Abednego*, while others did not. Why the others did not, the Plaintiffs do not say. But, by admitting that some *Eleanor Abraham* Plaintiffs are also *Red Dust* Plaintiffs—and by not opposing severance for any who did not refile individually—the Plaintiffs have effectively conceded that *Eleanor Abraham* is related to *Henry.* The Plaintiffs do not contend, as they did before, that the claims in *Eleanor Abraham* are too different to be consolidated or coordinated with the *Red Dust* cases. *Cf.* 70 V.I. at 108 (different hurricanes; different cases). The consequence now is that, as SCRG asserts, this case should be closed because those Plaintiffs who did not refile individually were dismissed. *Cf. In re: Red Dust Claims,* 69 V.I. 147, 166 (Super. Ct. 2017) ("The claims of any other person named as a party plaintiff in the December 2, 2009 [*Abednego*] complaint, but who has not filed an individual complaint before the last extension of time runs out will be dismissed . . . ."). But the Court does not agree.

¶7     As an initial point, although the Court did question whether this case should be administratively closed, the concern was not whether to remove this case "from the . . . active docket . . . [to] permit the transfer of records associated with the case to an appropriate storage repository." *Lehman v. Revolution Portfolio LLC,* 166 F.3d 389, 393 (1st Cir.1999). An order administratively closing a case generally does not constitute a final order. *Cf. Penn-Am. Ins. Co. v. Mapp,* 521 F.3d 290, 295 (4th Cir. 2008) ("[T]he removal of a case from a court's 'active docket' is the functional equivalent of an administrative closing, which does not end a case on its merits or make further litigation improbable."). Instead, "an order merely directing that a case be marked closed constitutes an administrative closing that has no legal consequence other than to remove that case from the district court's active docket." *Penn W. Assocs. v. Cohen,* 371 F.3d 118, 128 (3d Cir. 2004); *accord Fla. Ass'n for Retarded Citizens v. Bush,* 246 F.3d 1296, 1298 (11th Cir. 2001) ("'[A]n administrative closing has no effect other than to remove a case from the court's active docket and permit the transfer of records associated with the case to an appropriate storage repository.'" (quoting *Lehman,* 166 F.3d at 392)). In fact, closing a case "does not prevent the court from reactivating a case either of its own accord or at the request of the parties." *Id.* Instead, orders are considered final, and litigation ends, once there is "nothing for the court to do but execute the judgment." *Bryant v. People,* 53 V.I. 395, 400 (2010) (quoting *Penn W. Assocs., Inc.,* 371 F.3d at 125). So, although the Court

did ask about administratively closing this case, what the Court meant—and what SCRG clearly understood—was whether this case "should be dismissed because everyone dismissed from *Abednego* were reinstated and all plaintiffs were ordered to refile individual complaints." *Abraham*, 70 V.I. at 108. But several reasons mitigate against dismissing this case.

¶8     First, *Eleanor Abraham* was assigned to a different judge when the *Abednego* decision issued. And while *Eleanor Abraham* was later assigned to the same judge who raised the questions this Court addressed in its February 19, 2019 Memorandum Opinion, the Court (Brady, J.) never severed the claims of the *Eleanor Abraham* Plaintiffs or ordered them to refile their claims individually. No order issued in *Eleanor Abraham* to warn the Plaintiffs that they must take certain steps or face dismissal. Second, dismissing the *Eleanor Abraham* Plaintiffs' claims now would certainly bar further relief. *Cf. Abednego v. St. Croix Alumina, LLC*, 63 V.I. 153, 183 (Super. Ct. 2015) ("[W]hen 'dropping and dismissing a party, rather than severing the relevant claim' will result in the claim being 'blocked by the statutes of limitations,' a court must choose to sever the claim, rather than to drop the party, because that is the just option." (citation omitted)). Admittedly, it may be somewhat disingenuous to say that the Plaintiffs in this case were not under court order to refile their claims, particularly if the *Eleanor Abraham* are "as many *Abednego* plaintiffs as Attorney Rohn could get in touch with after [SCRG was dismissed by the District Court]." *Abraham*, 70 V.I. at 106; *see also id.* at 107 n.11. But the only way to begin to answer that question is by comparing which individuals named in *Eleanor Abraham* were also named in *Abednego*. And this leads to the third point: undertaking that herculean task was for the parties to do if dismissal was warranted here. They did not. Since the parties do not object to severance, the Court declines to dismiss and close this case. Instead, the Court will drop all Plaintiffs except Ms. Abraham and order the others to refile their claims individually.

¶9     The Court also declines SCRG's request to tell the Plaintiffs what claims they may refile. "'[T]he plaintiff is the master of the complaint and has the option of naming those parties the plaintiff chooses to sue.'" *Burns v. Femiani*, 786 F. App'x 375, 379 (3d Cir. 2019) (ellipsis omitted) (quoting *Lincoln Property Co. v. Roche*, 546 U.S. 81, 91 (2005)). The plaintiff also "selects the claims that will be alleged in the complaint. Some may be substantially justified, others may not. The plaintiff may abandon some claims by an appropriate motion, or may offer no proof at trial to . . .

support of an element of a cause of action." *United States v. Jones*, 125 F.3d 1418, 1428-29 (11th Cir. 1997). But courts do not tell plaintiffs who to sue, what claims to assert, or what facts to allege. Courts do have some control over the pleadings when severing claims, because severance is not a grant of leave to amend. In fact, "severance does not require the filing of an amended complaint." *Alexander v. HOVIC*, Civ. No. 323/1997, *et seq.*, 1998 V.I. LEXIS 36, *4 n.1 (V.I. Terr. Ct. Jan. 23, 1998). But if SCRG believes the Plaintiffs have abandoned certain claims, SCRG can seek for that relief by motion.

¶10    Lastly, the Court rejects the Plaintiffs' contention that only some of them must refile individually. Rather than explain this case concerns "'different hurricanes,'" and "'cannot be joined,'" *Abraham*, 70 V.I. at 102 (citation omitted), with the *Abednego* cases, the *Eleanor Abraham* Plaintiffs punted instead, conceding that some (but not all) of them are in both cases, leaving the Court and SCRG to compare the complaints in this case and in *Abednego* before SCRG was dismissed to find duplicative cases with the same plaintiffs pursuing the same claims. Duplicative litigation wastes time, money, and resources, whether filed in the same court or different courts. *Cf. Laborers' Int'l Union v. Plant*, 297 A.2d 37, 38 (Del. 1972) ("[W]e recognize the undesirable practice of adding to the burden of trial courts by actively carrying on litigation in two separate courts at once, when the parties and the issues are the same and the remedies sought are identical. When such a situation arises, a court has the power to control it on its own motion."). *Accord Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404 (a) was designed to prevent."); *see also In re: Yasmin & Yaz Drospirenone Mktg.*, No. 3:09-md-02100-DRH-PMF, 2015 U.S. Dist. LEXIS 17944, *6 (S.D. Ill. Feb. 13, 2015) ("There is no sense in remanding cases that simply will have to go through a pretrial ritual of sorting out their blemishes only to be dismissed forthwith.").

¶11    Permissive joinder of claims is permitted in the Virgin Islands, *see* V.I. R. Civ. P. 20(a)(2), but joining defendants in the same case is only proper if the "right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." V.I. R. Civ. P. 20(a)(2)(A). It is unclear here how SCRG's alleged liability arose out of the same occurrence as St. Croix Alumina, Alcoa, and

Glencore, since they were sued in 1999 and SCRG was not sued until 2009. Neither side, but especially the Plaintiffs, adequately addressed this issue. SCRG raised the statute of limitation as a defense in this case, (*see* Answer 8, ECF No. 3, Case No. 1:12-cv-00011 (D.V.I. Feb. 2, 2012)), and in the *Red Dust* cases. (*See, e.g.*, Answer 3, filed Jan. 4, 2018, *Arroyo, et al. v. St. Croix Alumina, LLC, et al.*, Case No. SX-15-CV-621.) If SCRG did not own the alumina refinery until 2002, and was not named as a defendant in any *Red Dust* case until 2009, the statute of limitations may have run for SCRG on claims asserted in the *Henry-Abednego-Phillip Abraham* series of cases. But if the claims in this case concern "'different hurricanes,'" and "cannot be joined,'" *Abraham*, 70 V.I. at 102 (citation omitted), with the *Red Dust* cases, then the statute of limitations may not have run. "It is possible that SCRG just happens to be a party-defendant in two different cases: the *Henry-Abednego-Phillip Abraham* line of cases, being coordinated under the *Red Dust Claims* master case, and the *Eleanor Abraham* case." *Id.* at 108. But more importantly if "*Eleanor Abraham* involve[s] different claims than those at issue in *Abednego*," *id.* at 105, then it is irrelevant that those Plaintiffs who were in *Abednego* and are also in *Eleanor Abraham* complied with the *Abednego* order and refiled individual complaints The injuries they sought to redress in this case will not be redressed in the *Red Dust* cases if *Eleanor Abraham* concerns "'different hurricanes.'" *Id.* at 102 (citation omitted).

¶12    Before the *Red Dust* train can leave the track, everyone must know how many cars are on it. This case has delayed its departure because it is unclear whether *Eleanor Abraham* is the caboose of the *Red Dust* train, or a different train that must travel on a separate track. Having reviewed all the filings in all the cases, the Court finds that *Eleanor Abraham* is an extension of *Abednego*, but not of *Henry*. There is no dispute that *Abednego* is a branch of *Henry*, and that *Phillip Abraham* is a branch of *Abednego*. All plaintiffs in *Abednego* were former members of the class in *Henry*. Once the damages class was decertified, only the named plaintiffs remained parties. *See id.* at 95 ("The new class was limited only to prospective relief . . . ."). *Henry* was filed in February 1999, *see id.* at 92-93, three years before SCRG acquired the refinery. SCRG was not a party to *Henry*. In fact, SCRG is not alleged to have had any role in the *Red Dust* litigation until December 2009, *see id.* at 96 approximately seven years after it acquired the refinery. (*See also* First Am. Compl. ¶ 463 (SCRG "owned and/or operated the refinery from 2002 to the present."); *accord* Compl. ¶ 463.) Assuming the truth of the Plaintiffs' assertion, that SCRG did not own the refinery until 2002, what is more

likely is that the *Henry-Abednego-Phillip Abraham* cases concern exposure to red dust and other toxic substances **prior to 1999**, while *Eleanor Abraham* (and SCRG's alleged liability) concerns ongoing exposure to red dust and other toxic substances **from 2002 forward**. (*Cf.* First Amend. Comp. ¶ 502 ("[SCRG's] *recurring* releases of massive quantities of bauxite, red mud, asbestos, and other particulates and hazardous substances have exposed and continue to expose Plaintiffs' bodies to toxic and/or irritating dusts." (emphasis added)); *accord* Third Amend. Compl. ¶ 2123-22, *Abednego, et al. v. St. Croix Alumina, LLC, et al.*, ECF No. 111-2, (D.V.I. Dec. 21, 2010), Case No. 1:10-cv-00009 ("The actions of Defendants constitute a public nuisance. Specifically, the ongoing release of harmful dusts, including bauxite, red mud, coal dust, asbestos, and other particulates, from the alumina refinery unreasonably threatens and interferes with the public rights to safety, health, peace, comfort, and the enjoyment of private land and public natural resources.").) If this is correct—that SCRG's alleged fault in this case and in the *Red Dust* cases concerns events **post** *Henry*—then having SCRG in the *Red Dust* cases will only cause more confusion and delay. One example should suffice here.

¶13    The Plaintiffs in the *Red Dust* cases filed a motion for permission to use the depositions from *Henry*. (*See* Pls.' Mot. to Permit Use of Prior Deps. Pursuant to V.I. R. Civ. P. 32(a)(8), *attached as* Ex. 1 to Def.'s Resp. to Pls.' Filing re: This Court's Feb. 19th "Show Cause" Order, filed Mar. 14, 2019.) In that motion, they represented that "the parties and remaining issues are the same as they were in *Henry*." *Id.* (footnote omitted). But the parties are not the same because SCRG was not a party to *Henry*. "A deposition . . . may be used in a later action involving the same subject matter," but only if it was "*between the same parties*, or their representatives or successors in interest, to the same extent as if taken in the later action." V.I. R. Civ. P. 32(a)(8) (emphasis added). Joining SCRG in the *Red Dust* cases will cause more delay because witnesses may have to be re-deposed for SCRG's benefit. Considering that the plaintiffs in the *Henry* litigation sought relief from the courts in 1999, that more than two decades later, all parties, including the defendants, still await resolution, and that joining SCRG in litigation may have been improper, the Court finds that the justice requires, not only severing the *Eleanor Abraham* Plaintiffs' claims, but also the claims of all *Red Dust* Plaintiffs against SCRG as well.

¶14    "'In general, the plaintiff is the master of the complaint and has the option of naming only those parties the plaintiff chooses to sue, subject only to the rules of joinder of necessary parties.'" *Lincoln Prop. Co.*, 546 U.S. at 91 (citation omitted). But courts "may also sever any claim against a party." V.I. R. Civ. P. 21; *accord Alleyne v. Diageo USVI, Inc.*, 69 V.I. 307, 337 (Super. Ct. 2018) ("Courts retain discretion to sever claims in the interests of judicial economy."). And "the determination of severance is committed to the broad discretion of the trial judge." *Alexander*, 1998 V.I. LEXIS 36 at *3. Joining over five hundred people as plaintiffs in the same case where each assert a personal tort that requires an individualized assessment of damages is misjoinder. So, the Court must sever the claims in this case. But if the Court were to agree with the Plaintiffs and allow only those who are not already in the *Red Dust* litigation to join that litigation now by filing individual complaints that name only SCRG as a defendant—that too would be a form of misjoinder. One group of cases would involve St. Croix Alumina, Alcoa, Glencore, and SCRG; another group would involve only SCRG. But both groups would be subject to the same case management orders. The interests of judicial economy demand a different approach. "[A] court's power to sever claims for separate treatment is well established." *Id.* "[S]everance at an early stage does not prevent joint trials at a later date." *Id.* Here, the better approach is to manage the claims involving SCRG separately, particularly since SCRG was never a party in *Henry*. For these reasons, the Court will drop SCRG from all *Red Dust* cases and sever the *Red Dust* Plaintiffs claims against SCRG. All Plaintiffs who asserted claims against SCRG, whether in *Eleanor Abraham* or in a *Red Dust* case, must consolidate their claims and refile complaints individually.

## III.    CONCLUSION

¶15    For the reasons stated above, the Court will sever all Plaintiffs' claims and drop everyone except Ms. Abraham, and order them to refile individually. The Court will also, by separate order, sever the *Red Dust* Plaintiffs claims against SCRG and drop SCRG from the *Red Dust* cases. All Plaintiffs, in this case and in the *Red Dust* cases, will be given leave to assert their claims against SCRG in the same complaints. The Court will also direct the Clerk's Office to open a master case under the caption *In re: Red Mud Litigation* to distinguish the litigation against SCRG from the *Red Dust* litigation. *Cf. Abraham*, 70 V.I. at 91 ("The byproduct of the alumina refining process used at

the St. Croix refinery is a red substance called bauxite residue, or "red mud" or "red dust[.]" (citation omitted)). Appropriate orders follow.

**Date:** February 3, 2020

ROBERT A. MOLLOY
Judge of the Superior Court

ATTEST:
TAMARA CHARLES
Clerk of the Court

By: _____
Court Clerk
Dated: _____2/3/2020_____

ELEANOR ABRAHAM, et al.,           )   **CASE NO. SX-11-CV-550**

                     )

                **Plaintiffs,**   )   **COMPLEX LITIGATION DIVISION**

                     )

          **v.**               )

                     )

ST. CROIX RENAISSANCE GROUP, LLLP,   )

                     )

             **Defendant.**   )

_____)

## ORDER

**AND NOW**, for the reasons stated in the accompanying Memorandum Opinion dated February 3, 2020, it is hereby

**ORDERED** that all Plaintiffs except Eleanor Abraham are **DROPPED** from this case and their claims are **SEVERED. On or before Tuesday, April 15, 2020**, Plaintiff Eleanor Abraham may file an amended complaint that drops all other Plaintiffs and removes all allegations and claims pertaining to them. All other Plaintiffs must, on or before the same deadline, refile the claims asserted in this case and any asserted in *Laurie L.A. Abednego, et al. v. St. Croix Alumina, LLC, et al.,* case number SX-09-CV-571, as severed and refiled by orders issued in that case, in one complaint, and pay the appropriate filing fee or seek leave to file *in forma pauperis*. It is further

**ORDERED** that the claims of minor children, whether asserted in this case or in *Laurie L.A. Abednego, et al. v. St. Croix Alumina, LLC, et al.,* case number SX-09-CV-571, as severed and refiled by orders issued in that case, may be joined with the claims of a parent or legal guardian if such parent or legal guardian also asserted claims on an individual basis, provided, however that the minor is still under the age of twenty-one. *See* 5 V.I.C. § 36(a)(1). It is further

**ORDERED** that the claims of any deceased persons, if the claims survived, may be joined with the individual claims of the personal representative of the estate, if the personal representative also asserted claims on an individual basis. It is further

**ORDERED** that leave to join together on a family or household basis is **DENIED** except as provided above for personal representatives pursuing individual claims and survival claims, and parents suing individually and as next friend or guardian of one or more minor children. It is further

**ORDERED** that the Clerk's Office shall **OPEN** a miscellaneous civil case under the caption *In re: Red Mud Litigation*, to be maintained as a master case and docket, and then provide notice to counsel of record in this case of the case number. Counsel shall file notices of appearance in the master case **within fourteen (14) days** from the date the master case is opened. It is further

**ORDERED** that summons shall not issue for the individual cases nor shall proof of service be filed. Instead, to reduce costs, counsel for the Plaintiffs shall **SERVE** copies of the forthcoming complaints on counsel for Defendant St. Croix Renaissance Group, LLLP **ELECTRONICALLY** and file proof of service in the master case. It is further

**ORDERED** that Defendant St. Croix Renaissance Group, LLLP shall file Answers to the forthcoming amended and individual complaints **no later than Friday, May 15, 2020** or **twenty-eight (28) days** after a complaint has been served, and **SERVE** copies of its answers on Plaintiffs **ELECTRONICALLY**. It is further

**ORDERED** that neither Plaintiffs nor Defendant have leave to make substantive changes to their pleadings, *except that* (1) leave is granted to make stylistic changes; (2) to plead claims and defenses in separate paragraphs, *see* V.I. R. Civ. P. 9(b); (3) to streamline the pleadings; and (4) to drop or abandon any claims or defenses. It is further

**ORDERED** that all Pleadings shall **STATE** "Red Mud" and "Complex Litigation Division" in the caption. It is further

**ORDERED** that if any Plaintiff fails to proceed as directed, Defendant St. Croix Renaissance Group, LLLP may move to dismiss pursuant to Rule 41(b) of the Virgin Islands Rules of Civil Procedure. *See* V.I. R. Civ. P. 41(b)(2) ("If the plaintiff fails to . . . comply with . . . a court order, a defendant may move to dismiss . . . any claim against it.").

**DONE AND SO ORDERED.**

**Date:** February 3, 2020

ATTEST:
TAMARA CHARLES
Clerk of the Court

By: _____
         Court Clerk
Dated: _____2/3/2020_____

_____
**ROBERT A. MOLLOY**
Judge of the Superior Court