CALVIN STIDHAM, Defendant Below, *v.* CHARLES E. BROOKS, Plaintiff Below.

*(March* 31, 1939.)

HARRINGTON, Chancellor, LAYTON, C. J., RICHARDS and TERRY, J. J., sitting.

*Martin E. Smith* for Plaintiff in Error.

*W. Thomas Knowles* for Defendant in Error.

Supreme Court, No. 2, October Term, 1938.

LAYTON, C. J., delivering the opinion of the Court:

The jurisdiction of the Superior Court, conferred by *Section* 4837 of the *Revised Code* of 1935, to award a writ of possession to a purchaser of lands and tenements at an execution sale is attacked on the ground that the record does not disclose a proper case for the exercise of the jurisdiction.

██ ██ Purchasers of real property at execution sales succeed to the rights of the defendant in the execution. They become entitled to possession of the property purchased if the defendant was so entitled. But, possession must be recovered by due process of law, unless it be peaceably relinquished. The action of ejectment furnishes a remedy to the purchaser. 23 *C. J.* 783; 3 *Freeman, Executions,* § 350.

To avoid the delay and expense incident to the action of ejectment, in this State, as in some others, a summary remedy is provided. In certain situations the purchaser may

apply to the Superior Court for a writ of possession. This summary remedy, as was said by Chief Justice Gibson, in *Brown v. Gray,* 5 *Watts (Pa.)* 17, is provided for cases whose elements are simple and few.

The power of the court is, of course, derived from the law of the land, and it must be exercised in the mode and manner prescribed by that law. It follows that, if a court cannot try a question except under particular conditions, or unless approached in a particular manner, jurisdiction is withheld unless such conditions exist or the court is approached in the manner provided; and consent will not avail to change the provisions of the law. 12 *Ency. Pl. & Pr.* 120.

The Superior Court is one of general jurisdiction; but as to matters embraced within the statute, it exercises a jurisdiction, special, limited and summary, and not according to the course of common law. Nothing is to be taken by intendment in favor of the jurisdiction. *Cooley, Cons. Lim.* (8th ed.) 858; 12 *Ency. Pl. & Pr.* 176.

Obviously, the jurisdiction of a court to entertain a cause, and the right of a plaintiff therein ultimately to prevail, are essentially different questions. The former is determined by an inspection of the record; the latter results from the facts established by proof. *Young v. Hamilton,* 135 *Ga.* 339, 69 *S. E.* 593, 31 *L. R. A.* (*N. S.*) 1057, *Ann. Cas.* 1912 *A,* 144. Consequently, the jurisdiction of the subject matter of any controversy in any court must be determined in the first instance by the allegations of the complaint, and it does not depend upon the existence of a sustainable cause of action or the evidence subsequently adduced. 17 *Stand. Ency. Proced.* 660; *Van Fleet, Collat. Attack,* § 60; *Ex parte Williams,* 117 *N. J. Eq.* 517, 177 *A.* 85; *Lake Shore & M. S. Ry. Co. v. Clough,* 182 *Ind.* 178, 104 *N. E.* 975, 105 *N. E.* 905; *Watts v. Gerking,* 111 *Or.* 641, 222

P. 318, 228 *P.* 135, 34 *A. L. R.* 1489; *Dippold v. Cathlamet Timber Co.,* 98 *Or.* 183, 193 *P.* 909; *Eagle Cliff Fishing Co. v. McGowan,* 70 *Or.* 1, 137 *P.* 766.

In *Edmiston v. Edmiston,* 2 *Ohio* 251, it appeared that in order to sell lands on a judgment recovered in a magistrate's court, it was necessary to transfer the judgment to the Court of Common Pleas, and the statute required that a suggestion be made to the Justice that the defendant owned lands. The suggestion was not made, and a *scire facias* having been issued from the Court of Common Pleas, a demurrer was offered because of the failure to suggest before the Justice ownership of lands. On the other side it was argued that the suggestion might be put in issue by special plea, but the court said that it was a general rule that every record must present a case apparently within the jurisdiction of the court, and that when jurisdiction is specially given by statute, and is to be resorted to only on the occurrence of particular facts, those facts must be shown; for, however correct it may be to presume jurisdiction where the want of it does not appear in cases within the general jurisdiction of the court, yet when the jurisdiction is created by statute and limited to particular cases, of which the court could not take cognizance without the statute, the jurisdiction cannot be presumed. If the facts on which it is made to depend are not averred, the party does not bring himself within the jurisdiction, and he cannot resort to the statute for aid because his record does not contain the case provided for by the statute.

*Stansbury v. Stansbury,* 118 *Mo. App.* 427, 94 *S. W.* 566, was an action for divorce. The petition did not allege, as was required by the statute, the plaintiff's residence in the state. The trial proceeded without objection, and the jurisdictional fact of residence was established by uncontradicted evidence appearing in the bill of exceptions. On

a motion in arrest of judgment, the jurisdictional question was raised for the first time. In arresting the judgment, the Court said that it was so well settled that facts necessary to the conferring of jurisdiction over the subject matter must be pleaded as well as proved, that further discussion would be superfluous.

In *Hallenbeck & Miller v. Garner*, 20 *Wend.* (*N. Y.*) 22, the statute authorized a summary proceeding against a person holding over and continuing in possession of any real estate sold by virtue of an execution against such person, after title under the sale had been perfected. In the proceeding the facts were insufficiently stated, and from all that appeared the plaintiffs in the *certiorari* proceedings might have been in possession before the judgment was docketed. The court, in quashing the proceedings, said,

"In all cases of summary process, where the court or officer does not proceed according to the course of the common law, every fact necessary to give jurisdiction must be distinctly alleged, or the proceeding cannot be upheld".

The summary jurisdiction is analogous to the jurisdiction conferred in, perhaps, all of the states for the purpose of enabling landlords to regain possession of premises wrongfully retained by a tenant. It is generally held, with respect to such proceedings, that the necessary jurisdiction must appear on the record, or the proceeding is *coram non judice* and is utterly void. 12 *Ency. Pl. & Pr.* 878; *Campbell v. Mallory*, 22 *How. Prac.* 183; *Evertson v. Sutton*, 5 *Wend.* (*N. Y.*) 281, 21 *Am. Dec.* 217; *Graver v. Fehr*, 89 *Pa.* 460; *Conley v. Conley*, 78 *Wis.* 665, 47 *N. W.* 950. In the last mentioned case it was said that if any material fact be omitted from the complaint, the justice has no jurisdiction to issue a summons, and because the action is entirely statutory, such want of jurisdiction goes to the subject matter and is not cured by a general appearance.

Quite apart from the authorities, the statute itself (*sec-*

*tion* 4838) provides the mode, manner and substance of the approach to the Superior Court. The application for the writ must be made in writing by the purchaser. It must be verified by his oath or affirmation, or by some credible person for him. And, it must state "a proper case for the awarding of such writ". These requirements are mandatory. They are but declarations that the jurisdiction of the court is withheld unless and until, in form and substance, the applicant for a writ of possession brings himself within the reach of the provisions of *section* 4837 by stating a case within its contemplation.

By *section* 4837, the summary remedy is given the purchaser, not against anyone who may be in possession of the premises sold, but against the defendant in the execution in possession; the tenant of such defendant in possession by lease or contract posterior to the date of the judgment whereon the execution was issued; a person coming into possession after a defendant who shall have died in possession within one year next preceding the day of sale, and by means of that possession; a person holding under, or through a person so coming into possession.

The petition averred merely that the plaintiff in error was in possession of the premises. A proper case for the awarding of a writ of possession was not stated. The court was without jurisdiction to hear and determine the matter. Proper and timely objection was made by motion to dismiss the petition and to discharge the rule, which must have been denied as the rule was made absolute .This was error.

It is unnecessary to say more; but the defendant in error insists that the deficiencies in the allegations of the petition were made good by the evidence given in the proceeding. Under the authorities cited there is no merit in this contention. The want of the necessary jurisdictional

averments, without which the court below had no authority to proceed at all, could not be supplied by evidence. Nor did acquiescence of counsel for the plaintiff in error to the taking of testimony, after having ineffectually objected to the jurisdiction of the Court, serve to confer jurisdiction.

But, as we find with the record proper a transcript of the testimony, and as the defendant in error has based his argument upon the state of facts disclosed thereby, the Court will consider the contention with the hope that some useful purpose will be served.

Preliminarily, it is to be said that the evidence taken was not made a part of the record by bill of exceptions in accordance with the statutes and rules. Properly the evidence is not before the Court; but apart from this the defendant in error is in no better case. Disregarding considerations having a technical tinge, and looking to the substance, the plaintiff in error was not within the embrace of the statute. The evidence discloses that he was a tenant in possession of the premises under an agreement to pay rent entered into with Florence M. Perkins, in January 1937, she, at that time having a life interest in the property under the will of her husband, and that this tenancy was created long after the date of the mortgage, but before the rendition of the judgment of foreclosure.

The defendant in error insists that the word judgment, as used in the statute is not to be taken literally and in a restricted sense, but in the broad and comprehensive sense of lien; and, therefore, the tenancy coming into existence posterior to the date of the mortgage, was within the intended scope of the statute. The words of the statute are, however, precise and clear. The word, mortgage, is not used. A mortgage is not a judgment. It is a lien on the mortgaged premises, of course; but it has a distinct meaning in law, and it is not to be supposed that the Legis-

lature used the word in the general sense of lien. This is demonstrable. In this State there are two ways by which a mortgage may be foreclosed and sale of the mortgaged premises accomplished, one by bill in equity, the other by *scire facias* at law. In an equitable proceeding the Chancellor makes a decree, followed by an order of sale. In a legal proceeding, a writ of *levari facias* issues upon the judgment of foreclosure. By precise provision of the statute, which, of course, the Court could not disregard, a tenant is within its reach whose possession begins under a contract made posterior to an order of sale made by the Chancellor. Manifestly if a tenant comes into possession before the order of sale, he is not within the grasp of the summary process by the very words of the statute. It would be an inconsistency approaching absurdity to regard the statute as permitting the summary process against a tenant in possession under an agreement posterior to the mortgage, if the foreclosure were at law, but as denying the same process in a foreclosure in equity, unless it were shown that the possession was posterior to the order of sale.

Statutes awarding summary process are strictly construed. It is useless to inquire why the statute is worded as it is. The hard fact is that it is so written.

It is unnecessary to consider the other questions raised by the assignments of error. The cause is remanded to the Superior Court, with the direction that the petitions be dismissed and the rules discharged.