**LOCAL UNION 199, LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, Defendant Below, Appellant,**

**and**

**Catalytic Construction Company, a corporation of the State of Delaware, Defendant Below,**

**v.**

**Al O. PLANT, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Sept. 7, 1972.

Harvey B. Rubenstein, Wilmington, for appellant.

Jacob Kreshtool, Wilmington, for appellee.

WOLCOTT, Chief Justice, and CAREY and HERRMANN, JJ., sitting.

PER CURIAM:

This appeal is from a decision of the Superior Court denying a motion to dismiss the complaint. Al O. Plant, plaintiff below, appellee, sued his former employer, Catalytic Construction Company, and his union, Local Union 199, Laborers' International Union of North America, the appellant, for damages arising from his allegedly wrongful discharge by the employer and the alleged breach of the union's duty to fairly represent him in his dispute with the employer. The employer has taken no part in this appeal. The Court below held that it had jurisdiction to entertain the action and refused to dismiss it, despite the pendency of a prior action in the Federal District Court seeking the same relief on the same grounds. See 287 A.2d 682.

■ The appellee has requested that we dismiss this appeal on the theory that the decision below neither finally determined a substantial issue nor established a legal right. We do not agree with this contention. The ruling in fact established jurisdiction over the parties and the subject matter, i. e., the right of the plaintiff to sue the defendant in the Superior Court. That holding is the proper subject of an interlocutory appeal. Pepsico, Inc. v. Pepsi-Cola Bottling Co. of Asbury Park, Del. Supr., 261 A.2d 520 (1969). This motion to dismiss must be denied.

■ The appellant's principal argument is based on the theory that the federal courts have the final word in determining federal rights; and that the state courts ought to refrain from accepting jurisdiction in such matters. Appellant's argument was not presented to the lower court on a discretionary basis; it was presented on a theory of lack of jurisdiction and the court so treated it. As a jurisdictional matter, the appellant is wrong. It is clear that the action against the union may be brought in a state court; Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842. The refusal to accept jurisdiction would therefore be an exercise of judicial discretion, reversible only if that discretion is abused.

■■ At the same time, we recognize the undesirable practice of adding to the burden of trial courts by actively carrying on litigation in two separate courts at once, when the parties and the issues are the same and the remedies sought are identical. When such a situation arises, a court has the power to control it on its own motion. In the present instance, in view of the steps which had already been taken in the Federal District Court prior to the lower court's decision (see Plant v. Local Union 199 et al., 324 F.Supp. 1021), the proper exercise of discretion would have been to stay all further proceedings in this suit until the federal case has been disposed of, especially since the action deals primarily with the rights under federal law, and since the District Court has already made certain rulings of law. Indeed, this is conceded by appellee's counsel. On our own initiative, therefore, we will modify the order of the lower court by directing that all further proceedings in that court be

stayed pending disposition of the federal action.

Finally, the appellant argues that the complaint should be dismissed because it does not state a claim in that it does not specifically charge arbitrary or bad-faith conduct on the union's part. The lower court ruled in appellee's favor on this point, holding that the complaint was sufficient to put defendant on notice of his claim. We agree with the ruling of the Court below for the reasons set forth in its opinion, *supra*.

The order below is affirmed, subject to the modification that further proceedings be stayed pending the outcome of the case in the Federal District Court.