AMERICAN APPLIANCE, INC., a Corporation Existing and Operating Under the Laws of New Jersey, and William C. Rowland, Defendants Below, Appellants,

v.

STATE of Delaware, ex. rel. M. Jane BRADY, Attorney General of the State of Delaware, Plaintiff Below, Appellee.

No. 503, 1997.

Supreme Court of Delaware.

Submitted: April 28, 1998.

Decided: July 7, 1998.

Edmund Daniel Lyons, Wilmington, for appellants.

Thomas A. Stevens, and Patricia A. Dailey, Deputy Attorneys General, for appellee.

Before VEASEY, C.J., WALSH and BERGER, JJ.

BERGER, Justice:

We accepted this interlocutory appeal to resolve a challenge to the Superior Court's subject matter jurisdiction. The Superior Court determined that it is a "state court of competent jurisdiction" within the meaning

of a statute authorizing the Attorney General to bring actions to enforce various consumer fraud and deceptive trade practice statutes. We agree that this action for civil penalties may be brought in our general jurisdiction trial court, even though the enabling statute does not identify the Superior Court by name.

## I.   Factual and Procedural Background

American Appliance, Inc. sells home appliances at retail stores in New Castle County, Delaware. The Attorney General filed suit in the Superior Court alleging that American Appliance and its owner, William C. Rowland (collectively, American Appliance), wilfully and repeatedly engaged in false advertising and illegal "bait and switch" practices in violation of the Consumer Fraud Act.[1] The complaint seeks, among other relief, the imposition of a $10,000 penalty against both defendants for every day, during a two year period, that they engaged in the alleged unlawful practices. Defendants moved to dismiss for lack of subject matter jurisdiction. The Superior Court denied the motion, but certified the interlocutory appeal.

## I.   Discussion

In 1994, the General Assembly strengthened Delaware's consumer protection laws by transferring the functions and powers of the then existing Division of Consumer Affairs to a newly created Consumer Protection Division of the Department of Justice.[2] The legislation added a civil penalty for unlawful consumer practices,[3] and expanded the enforcement powers of the new Consumer Protection Division. The legislation authorizes the Attorney General to bring actions, "in state courts of competent jurisdiction" (i) to enforce specified consumer and trade prac-

tices statutes; (ii) to recover money or property obtained through the unlawful practices; and (iii) to collect penalties, fines, attorneys' fees and investigative costs.[4]

American Appliance argues that the new statutes are partly ineffective because, although the General Assembly enacted a civil penalty for certain consumer frauds, it did not grant Superior Court jurisdiction to impose such a penalty.[5] Relying on *Stidham v. Brooks,*[6] American Appliance contends that the Superior Court's jurisdiction over statutory claims is "special and limited." Thus, according to American Appliance, there must be an express grant of authority to vest jurisdiction in Superior Court.

American Appliance's reliance on *Stidham* is misplaced and its jurisdictional argument lacks merit. In *Stidham,* the petitioner filed a writ of possession after purchasing real property at a sheriff's sale. The controlling statute specified the "mode, manner and substance of the approach to the Superior Court"[7] and the Supreme Court held that the petition failed to allege all of the facts necessary to proceed under the statute. This Court explained:

> The power of a court is, of course, derived from the law of the land, and it must be exercised in the mode and manner prescribed by that law. It follows that, if a court cannot try a question except under particular conditions, or unless approached in a particular manner, jurisdiction is withheld unless such conditions exist or the court is approached in the manner provided. . . .

> The Superior Court is one of general jurisdiction; but as to matters embraced within the statute, it exercises a jurisdic-

---

**1.**  6 *Del. C.* Ch. 25, Subchapter II.

**2.**  69 *Del.Laws* Ch. 203.

**3.**  6 *Del. C.* § 2513(c):

> If a court or tribunal of competent jurisdiction finds that any person has wilfully violated this section, the Attorney General, upon petition to the court or tribunal, shall recover from the person, on behalf of the State, a civil penalty of not more than $10,000 per violation. For purposes of this section, a wilful violation occurs when the party committing the violation knew

or should have known that the conduct was of the nature prohibited by this section.

**4.**  29 *Del. C.* § 2517(c)(2).

**5.**  American Appliance maintains that the same legislative shortcoming precludes any court from exercising jurisdiction over these claims.

**6.**  5 A.2d 522 (1939).

**7.**  *Id.* at 525.

tion, special, limited and summary, and not according to the course of common law. Nothing is to be taken by intendment in favor of the jurisdiction.[8]

The issue in *Stidham* was not whether the Superior Court was granted jurisdiction to hear petitions for summary possession, but whether the petitioner had adequately invoked that jurisdiction in his pleading. This Court described the jurisdiction of the Superior Court as "special, limited and summary" as applied to writs of possession because the governing statute authorized only a "special, limited and summary" proceeding that was not recognized at common law. The statute at issue in this case contains no similar restrictions. To the contrary, 29 *Del. C.* § 2517(c)(2) grants the Attorney General broad authority to enforce consumer fraud statutes and to seek all forms of relief provided by law, including the recovery of fines, penalties, and property. The statute does not mandate the form or content of any pleading and it does not create any new or summary judicial proceeding. Thus, *Stidham* is inapposite. We rely, instead, on the Delaware Constitution of 1897 and general principles of statutory construction to determine whether the Superior Court has jurisdiction over these claims.

■ Our Constitution grants the Superior Court jurisdiction over "all causes of a civil nature, real, personal and mixed, at common law...."[9] An action to recover a civil penalty is an action "of a civil nature" and is akin to a common law action to recover a debt.[10] Thus, even if there were no statutory grant of power, the Constitution would vest jurisdiction over these claims in the Superior Court.

■ In addition, the Superior Court has "such jurisdiction as the ... laws of this State confer upon it."[11] The recent consumer fraud legislation confers the power to award civil penalties for unlawful consumer practices on "state courts of competent jurisdiction."[12] The plain meaning of the statute, read in conjunction with the rest of the consumer protection laws, is that any court competent to hear claims of a similar nature are authorized to hear claims for civil penalties. The Superior Court, which has general jurisdiction over claims for monetary relief,[13] is one such "court of competent jurisdiction."

■ Finally, we note that § 2517(c)(2) authorizes the Attorney General not only to seek civil penalties for consumer fraud violations, but also to seek injunctions and other equitable relief. If an equitable consumer protection claim were filed in the Court of Chancery, that court, in its discretion, could hear and decide a pendent statutory penalty claim under the "equitable clean-up" doctrine.[14] Thus, in an appropriate case, the Court of Chancery also would be a "state court[ ] of competent jurisdiction."

## II. Conclusion

Based on the foregoing, we affirm the Superior Court's decision denying American Appliance's motion to dismiss for lack of subject matter jurisdiction.

8. *Id.* at 524.

9. Del. Const. Art. IV, § 7.

10. See: *Tull v. United States*, 481 U.S. 412, 422, 107 S.Ct. 1831, 95 L.Ed.2d 365(1987) (where, in considering the right to a jury trial in an action for a civil penalty, the Supreme Court noted that "[a] civil penalty was a type of remedy at common law that could only be enforced in courts of law."); *Anthony Plumbing of Maryland v. Attorney Gen.*, 298 Md. 11, 467 A.2d 504, 509 (1983) ("[A]n action to recover civil penalties [under a federal statute is a] common law action of debt.").

11. 10 *Del. C.* § 541.

12. 29 *Del. C.* § 2517(c)(2).

13. See: *Harman v. Masoneilan Intern., Inc.*, Del. Supr., 442 A.2d 487 (1982).

14. *Getty Refining & Marketing v. Park Oil, Inc.*, Del.Ch., 385 A.2d 147, 150 (1978), *aff'd.* Del. Supr., 407 A.2d 533 (1979).