# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

SHAREHOLDER REPRESENTATIVE )
SERVICES LLC, solely in its capacity as )
the Representative of the Stockholders, )
                                  )
          Plaintiff, )
                                  )
       v. )   C.A. No. 2021-0465-KSJM
                                  )
DC CAPITAL PARTNERS FUND II, L.P., )
and CALIBURN HOLDINGS LLC (F/K/A )
JANUS HOLDCO LLC), )
                                  )
          Defendants. )

## ORDER CERTIFYING INTERLOCUTORY APPEAL

1.     This order certifies interlocutory appeal from a Memorandum Opinion dated February 14, 2022 (the "Opinion"). The Opinion interprets Section 111 of the Delaware General Corporation Law, which vests this court with subject matter jurisdiction over actions comprising a significant and growing portion of this court's docket. The Opinion held that this court lacks discretion to deny jurisdiction over cases within the scope of Section 111, and thus denied the defendants' motion to dismiss for lack of subject matter jurisdiction. In my view, as discussed further below, the Opinion resolved a substantial issue of material importance and the substantial benefits of interlocutory appeal outweigh the costs.

2.     Section 111 provides that "[a]ny civil action" within the categories listed in the statute "may be brought in the Court of Chancery."[1] When moving to dismiss, the

---

[1] 8 *Del. C.* § 111(a).

defendants did not dispute that this action falls within the categories described in Section 111. They instead argued that Section 111 grants the court discretion to decline jurisdiction over the categories of claims described in the statute where those claims do not otherwise implicate the court's subject matter. The Opinion rejected this argument, and the defendants moved for certification of interlocutory appeal.

3.  Supreme Court Rule 42 permits certification of interlocutory appeals when "the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment."[2] If the "substantial issue" requirement is met, this court will then analyze eight factors concerning whether "there are substantial benefits that will outweigh the certain costs that accompany an interlocutory appeal."[3]

4.  The Opinion resolves a substantial issue, although this conclusion is not necessarily an obvious one. As commonly articulated, the substantial-issue requirement is met when a decision speaks to the merits of the case.[4] Yet, in practice, the Supreme Court has accepted interlocutory appeals of non-merits-based issues such as subject matter jurisdiction.[5] This practice suggests that the definition of a "substantial" issue extends

---

[2] Supr. Ct. R. 42(b)(i).

[3] Supr. Ct. R. 42(b)(ii); *see* Supr. Ct. R. 42(b)(iii)(A)–(H).

[4] *See, e.g.*, *Sprint Nextel Corp. v iPCS, Inc.*, 2008 WL 2861717, at *1 (Del. Ch. July 22, 2008) (stating that "[t]he substantial issue requirement is met when an interlocutory order decides a main question of law which relates to the merits of the case, and not to collateral matters" (internal quotation marks and citation omitted)); *see generally* Donald J. Wolfe, Jr. & Michael A. Pittenger, *Corporate and Commercial Practice in the Delaware Court of Chancery* § 18.04[b] (2021) [hereinafter *Wolfe & Pittenger*] (listing issues over which the Supreme Court has accepted interlocutory appeal).

[5] *See, e.g.*, *Daskin v. Knowles*, 193 A.3d 717, 719 (Del. 2018) (accepting interlocutory appeal in divorce proceeding where petitioner alleged, in part, the Family Court lacked

2

more broadly than the definition of a "merits" issue. Put differently, a merits issue is necessarily a substantial issue; a substantial issue is not necessarily a merits issue.

5. In *American Appliance, Inc. v. State*, for example, the Supreme Court accepted an interlocutory appeal to resolve a dispute over the Superior Court's subject matter jurisdiction.[6] The statute at issue delegated subject matter jurisdiction to a "state court of competent jurisdiction."[7] On appeal, the Supreme Court concluded that the Attorney General could bring an action for civil penalties under the statute in the Superior Court, even though the statute did not identify the court by name. The Supreme Court went on to clarify that where the Attorney General pursued injunctive relief authorized by the statute, the Court of Chancery could exercise subject matter jurisdiction over the action.[8]

---

subject matter jurisdiction over the claim); *Sanders v. Sanders*, 570 A.2d 1189, 1190 (Del. 1990) (accepting "interlocutory appeal to consider whether the Family Court has jurisdiction to hear a petition to rescind a property division agreement not merged into a divorce decree"); *Am. Appliance, Inc. v. State*, 712 A.2d 1001, 1001 (Del. 1998) (accepting interlocutory appeal to resolve a dispute over whether a statutory consumer fraud claim fell within the Superior Court's subject matter jurisdiction); *Loc. Union 199, Laborers' Inter'l Union of N. Am. v. Plant*, 297 A.2d 37, 38 (Del. 1972) (accepting interlocutory appeal of a ruling that "established jurisdiction over the parties and the subject matter, i.e., the right of the plaintiff to sue the defendant in the Superior Court"); *see also Wolfe & Pittenger* § 18.04[b] (stating that "[t]he amendments to Rule 42 in 2015 did not alter prior law generally finding such matters not to rise to the level of a substantial issue and the Delaware courts have continued to rely on pre-amendment case law addressing this issue").

[6] 712 A.2d at 1002–03.

[7] *Id.* at 1001.

[8] *Id.* at 1003.

6. It is true that, as the plaintiff argues, few decisions resolving forum issues will warrant interlocutory appeal.[9] That is because, under Rule 42, "[i]nterlocutory appeals should be exceptional, not routine."[10] Decisions interpreting the effect of an arbitration clause on subject matter jurisdiction, for example, are routine and typically do not rise to the level of material importance warranting interlocutory appeal.[11] But here, as in *American Appliance*, the Opinion informs the parameters of one trial court's statutory jurisdiction *vis a vis* another, resolving whether the Court of Chancery is required to accept jurisdiction over actions under Section 111 when the Superior Court has concurrent jurisdiction. Such an issue is exceptional and not routine.

7. Because the substantial-issue requirement is satisfied, this analysis turns to whether there are substantial benefits outweighing the costs of an interlocutory appeal.[12] Rule 42 supplies eight factors to consider when conducting this balancing analysis. Of those eight factors, the defendants rely on the following four:

---

[9] *See* Dkt. 22, Pl.'s Opp'n to Defs.' Appl. For Certification Of Interloc. Appeal at 2–5 (discussing cases).

[10] Supr. Ct. R. 42 (b)(ii); *see also Vick v. Khan*, 204 A.3d 1266, 2019 WL 856599, at *1 (Del. Feb. 21, 2019) (TABLE) (observing that applications for interlocutory review are addressed to the discretion of the court and are granted only in "exceptional circumstances"); *Pirestani v. Regean*, 187 A.3d 1249, 2018 WL 2948198, at *1 (Del. June 11, 2018) (TABLE) (same); *Contour Energy Co. v. W. Fin. Co.*, 755 A.2d 387, 2000 WL 975115, at *1 (Del. June 9, 2000) (TABLE) (same).

[11] *See, e.g.*, *Isr. Disc. Bank of N.Y. v. First State Depository Co., LLC*, 2012 WL 5359296, at *2 (Del. Ch. Oct. 31, 2021) (observing that the "Supreme Court and this Court repeatedly have found that determinations of arbitrability do not relate to the merits of a claim and, thus, do not establish a substantial issue under Rule 42" (citation omitted)).

[12] *See* Supr. Ct. R. 42(b)(ii); Supr. Ct. R. 42(b)(iii)(A)–(H).

(B) The decisions of the trial courts are conflicting upon the question of law;

(C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order;

(D) The interlocutory order has sustained the controverted jurisdiction of the trial court;

(H) Review of the interlocutory order may serve considerations of justice.[13]

8.      Of these four factors, the last three—(C), (D), and (H)—provide strong support for certifying interlocutory appeal. Section 111 has never been interpreted by the Supreme Court. The Opinion sustained the controverted jurisdiction of the trial court. Since that interpretation of the statute goes to the jurisdiction of Delaware's trial courts, the benefits of settling that matter serve considerations of justice.

9.      Factor (B) does not weigh in favor of interlocutory appeal. The defendants argue that the decisions of trial courts are conflicting as to whether Section 111 grants the Court of Chancery the discretion to deny interlocutory appeal.[14] The Opinion previously rejected this argument, while acknowledging that the defendants' points were fair.[15] This order does not repeat that analysis, which is set out in detail in the Opinion itself.

10.     To bolster this argument in their motion, the defendants contend that the Opinion should have addressed a transcript ruling cited by the defendants, *B&C Holdings,*

---

[13] Supr. Ct. R. 42(b)(iii)(B), (C), (D), (H). By ignoring the other four, the defendants concede that those factors weigh against or are neutral as to interlocutory appeal.

[14] *See* Dkt. 20, Defs.' Appl. For Certification Of Interloc. Appeal at 6–8.

[15] *See* Op. at 8–10 & n.22.

5

*Inc. v. Temperatsure Holdings, LLC*.[16] But *B&C* does not inform the analysis for a few reasons. For starters, this court is reticent to place precedential value on transcript rulings,[17] although they are often informative. Also, the parties in *B&C* disputed whether the plaintiffs' claim fell within the scope of the LLC Act's analogue to Section 111, 6 *Del. C.* § 18-111. Because Section 18-111 is narrower than Section 111, cases informing Section 18-111 are of limited utility to the scope of this court's jurisdiction under Section 111.[18] Most importantly, *B&C* did not address the issue at hand. In *B&C*, the court held that the plaintiffs had not properly invoked Section 18-111, because the claims were, in substance, creditor claims.[19] The parties in *B&C* did not raise, and thus the court did not reach, the issue of whether this court has the discretion to deny jurisdiction over claims properly asserted under 6 *Del. C.* § 18-111. As such, the court found no need to comment on *B&C* in the Opinion.

---

[16] C.A. No. 2018-0645-JTL (Del. Ch. Feb. 8, 2019) (TRANSCRIPT).

[17] *See Day v. Diligence, Inc.*, 2020 WL 2214377, at *1 (Del. Ch. May 7, 2020) (holding that "[t]ranscript [r]ulings generally have *no* precedential value in this Court and they should ordinarily not be relied on as precedent—at most they offer persuasive authority" (emphasis in original)).

[18] *See Wolfe & Pittenger* § 2.02[d] n.92 (commenting that "[6 *Del. C.* § 15-122 (DRUPA); 6 *Del. C.* § 17-111 (DRULPA); 6 *Del. C.* § 18-111 (DLLCA)] . . . appear to be somewhat narrower than 8 *Del. C.* § 111(a)" and stating that "[f] or example, the analogous provisions of DRUPA, DRULPA, and DLLCA do not explicitly confer jurisdiction as to certificates of merger, conversion, or domestication"); *see also Sun Life Assurance Co. of Can. – U.S. Operations Hldgs., Inc. v. Gp. One Thousand One, LLC*, 206 A.3d 261, 269 (Del. Super. Ct. 2019).

[19] *B&C*, C.A. No. 2018-0645-JTL, at 18:21–19:8.

11.     The defendants further argue that the Opinion should have addressed two cases cited in their reply brief in support of their motion to dismiss, *Goicuria v. Industrial Accident Board*,[20] and *Williams v. Dowd*.[21]  The defendants cite to these cases for the uncontroversial position that the Court of Chancery should decline to exercise jurisdiction where a remedy at law is adequate.  But both cases predate the enactment of Section 111, and thus neither case speaks to the issue at hand.  As such, the court found no need to comment on these decisions in the Opinion.

12.     That said, and although the trial court decisions can be reconciled, the tension resolved by the Opinion has been lingering in dicta in the decisions of this court and the Superior Court.[22]  This reality, coupled with the strong support for granting interlocutory appeal under factors (C), (D), and (H), weigh in favor of granting the defendants' request for certification of interlocutory appeal.  As always, if the Supreme Court disagrees, "it need only decline to accept the appeal."[23]

---

[20] 1997 WL 599514, at *1–3 (Del. Ch. Aug. 28, 1997) (declining to exercise jurisdiction over FOIA action where the underlying Industrial Accidental Board decision was statutorily appealable to the Superior Court).

[21] 1982 WL 525139, at *1 (Del. Ch. Jan. 11, 1982) (exercising concurrent jurisdiction over fraud action brought in the Court of Chancery).

[22] *See* Op. at 10 n.22.

[23] *In re Terraform Power, Inc. S'holder Litig.*, 2020 WL 6889189, at *2 (Del. Ch. Nov. 24, 2020).

13.     For the foregoing reasons, the Opinion is hereby certified to the Supreme Court of the State of Delaware for disposition in accordance with Rule 42 of that Court.

/s/ Kathaleen St. J. McCormick
Chancellor Kathaleen St. J. McCormick
Dated: March 15, 2022