**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| IN RE CARVANA CO. STOCKHOLDERS LITIGATION | ) ) | CONSOLIDATED C.A. No. 2020-0415-KSJM |

**ORDER DENYING APPLICATION OF ERNEST GARCIA II
FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

1.      Defendant Ernest Garcia II ("Garcia Senior") is the co-founder and controlling shareholder of Carvana Co. ("Carvana" or the "Company"). In this action, a Carvana stockholder alleges that Garcia Senior and his son, Company CEO Ernest Garcia III ("Garcia Junior"), breached their fiduciary duties in connection with a $600 million sale of common stock at $45 per share to investors whom the Garcias handpicked (the "Direct Offering"). The Garcias purchased $50 million of common stock in the Direct Offering. The public stockholders were excluded from the Direct Offering.

2.      Garcia Senior moved to dismiss the claims against him for lack of personal jurisdiction. The court denied Garcia Senior's motion in a Memorandum Opinion dated August 31, 2022 (the "Opinion"),[1] holding that Garcia impliedly consented to jurisdiction when he, as Carvana's controlling shareholder, caused Carvana to adopt a Delaware forum selection provision in Carvana's certificate of incorporation.[2]

---

[1] C.A. No. 2020-0415-KSJM, Docket ("Dkt.") 101 ("Opinion") (*In re Carvana Co. S'holder Litig.*, 2022 WL 3923826 (Del. Ch. Aug. 31, 2022)).

[2] Garcia Senior also moved to dismiss the complaint under Court of Chancery Rule 12(b)(6). The court denied that motion in the Opinion based on reasoning set out in a Memorandum Opinion dated June 30, 2022. *See* Opinion at 14 (2022 WL 2932826, at *7); Dkt. 92, Memorandum Opinion dated June 30, 2022 (*In re Carvana Co. S'holder Litig.*, 2022 WL 2352457 (Del. Ch. June 30, 2022)).

3.	Garcia Senior seeks certification of interlocutory appeal of the Opinion Pursuant to Supreme Court Rule 42 (the "Application").[3]

4.	Supreme Court Rule 42 established a two-step test for determining whether to certify interlocutory appeal.  The court must first determine whether "the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment."[4]  If the substantial-issue requirement is met, this court will then analyze eight factors concerning whether "there are substantial benefits that will outweigh the certain costs that accompany an interlocutory appeal."[5]  Rule 42 cautions that "[i]nterlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources."[6]  This language of Rule 42 serves as an interpretive principle, requiring that the court interpret the factors such that interlocutory appeals are the exception and not routine.[7]

---

[3] Dkt. 102 ("Application").

[4] Supr. Ct. R. 42(b)(i).

[5] *Id.* 42(b)(ii); *see id.* 42(b)(iii)(A)–(H).

[6] *Id.* 42(b)(ii).

[7] *See also id.* 42(b) (stating that "[i]f the balance is uncertain, the trial court should refuse to certify the interlocutory appeal"); Donald J. Wolfe, Jr. & Michael A. Pittenger, *Corporate and Commercial Practice in the Delaware Court of Chancery* § 18.04[c] (2d ed. 2021) [hereinafter *Wolfe & Pittenger*].

5. As commonly articulated, the substantial-issue requirement is met when a decision speaks to the merits of the case.[8] In practice, however, the Supreme Court has accepted interlocutory appeals of non-merits-based questions that implicate significant issues under Delaware law.[9] This practice suggests that the definition of a "substantial" issue extends more broadly than the definition of a "merits" issue. Put differently, a merits issue is necessarily a substantial issue; a substantial issue is not necessarily a merits issue.

6. It is true, as the plaintiff argues, that multiple Delaware courts have held that denying a motion to dismiss for lack of personal jurisdiction is not a "substantial issue" per

---

[8] *See, e.g.*, *Sprint Nextel Corp. v iPCS, Inc.*, 2008 WL 2861717, at *1 (Del. Ch. July 22, 2008) (stating that "[t]he substantial issue requirement is met when an interlocutory order decides a main question of law which relates to the merits of the case, and not to collateral matters" (internal quotation marks and citation omitted)); *see generally Wolfe & Pittenger* § 18.04[b] (2021) (listing issues over which the Supreme Court has accepted interlocutory appeal).

[9] *See, e.g., Genuine Parts Co. v. Cepec*, No. 528,2015, at 2 (Del. Oct. 12, 2015) (Order) (accepting interlocutory appeal when trial court asserted personal jurisdiction over a foreign corporation pursuant to registration statute because it "raises an important issue regarding the application of the law of personal jurisdiction"); *Daskin v. Knowles*, 193 A.3d 717, 719 (Del. 2018) (accepting interlocutory appeal in divorce proceeding where petitioner alleged, in part, the Family Court lacked subject matter jurisdiction over the claim); *Sanders v. Sanders*, 570 A.2d 1189, 1190 (Del. 1990) (accepting "interlocutory appeal to consider whether the Family Court has jurisdiction to hear a petition to rescind a property division agreement not merged into a divorce decree"); *Am. Appliance, Inc. v. State*, 712 A.2d 1001, 1001 (Del. 1998) (accepting interlocutory appeal to resolve a dispute over whether a statutory consumer fraud claim fell within the Superior Court's subject matter jurisdiction); *Loc. Union 199, Laborers' Inter'l Union of N. Am. v. Plant*, 297 A.2d 37, 38 (Del. 1972) (accepting interlocutory appeal of a ruling that "established jurisdiction over the parties and the subject matter, i.e., the right of the plaintiff to sue the defendant in the Superior Court"); *see also Wolfe & Pittenger* § 18.04[b] (stating that "[t]he amendments to Rule 42 in 2015 did not alter prior law generally finding such matters not to rise to the level of a substantial issue and the Delaware courts have continued to rely on pre-amendment case law addressing this issue").

Rule 42(b)(i) because the exercise of personal jurisdiction does not affect the merits of the case.[10] And Delaware courts have reached this conclusion where the basis for personal jurisdiction is a forum selection clause.[11]

7. Still, multiple decisions of the Delaware Supreme Court have granted interlocutory appeal of decisions concerning the exercise of personal jurisdiction over non-resident fiduciaries of Delaware entities. In *Armstrong v. Pomerance*, for example, the Supreme Court accepted interlocutory appeal to determine the constitutionality of Delaware's implied consent statute, codified at 10 *Del. C.* § 3114, which conferred personal jurisdiction over individuals serving as directors of a Delaware corporation.[12] In *Hazout v. Tsang Mun Ting*, the defendant challenged the constitutionality of the trial court's holding that § 3114 could be used to assert personal jurisdiction even in cases that did not allege breach of fiduciary duty.[13] In granting the interlocutory appeal, the Supreme Court noted that the trial court's novel interpretation of § 3114 constituted a "substantial issue."[14]

---

[10] *TowerHill Wealth Mgmt., LLC v. Bander Family P'ship, L.P.*, 2008 WL 4615865, at *2 (Del. Ch. Oct. 9, 2008); *see also Curran Composites, Inc. v. Total Hldgs. USA, Inc.*, 984 A.2d 123, 2009 WL 4170395, at *1 (TABLE) (Del. 2009) (affirming the Court of Chancery's denial of application for certification of interlocutory appeal "on the grounds that the denial of a motion to dismiss for lack of personal jurisdiction does not establish a legal right or determine a substantial issue under Rule 42, and the interlocutory ruling is consistent with prior Delaware precedent").

[11] *See, e.g.*, *Olivieri v. Aveta, Inc.* 957 A.2d 2, 2008 WL 4216352, at *1 (TABLE) (Del. 2008).

[12] *Armstrong v. Pomerance*, 423 A.2d 174 (Del. 1980).

[13] *Hazout v. Tsang Mun Ting*, No. 353,2015 (Order) (Del. Aug. 6, 2015).

[14] *Id.* at 5; *see also LaNuova D & B, S.p.A v. Bowe Co., Inc.*, 513 A.2d 764 (Del. 1986) (accepting interlocutory appeal to resolve a constitutional question as to whether an Italian

4

8.    Like *Armstrong* and *Shaffer*, the Opinion addresses this court's exercise of personal jurisdiction over non-resident fiduciaries of Delaware entities—here, controllers. The Opinion, therefore, raises a substantial issue sufficient to meet the threshold inquiry of Rule 42.

9.    Because the substantial-issue requirement is satisfied, the analysis moves to the second step of determining whether there are substantial benefits outweighing the costs of an interlocutory appeal.[15]   Although the Opinion addresses a substantial issue, it does not follow that the issue must be resolved by the Supreme Court at an interlocutory as opposed to final stage.  Rule 42 supplies eight factors to consider when conducting the second-step balancing analysis.[16]  Garcia Senior relies on only five of the Rule 42 factors—(A), (B), (D), (G), and (H).  Garcia Senior effectively concedes that the other three factors do not weigh in favor of certifying interlocutory appeal by failing to advance arguments to that effect in his application.  Of the five factors on which Garcia Senior relies, only one provides clear support.  The others weigh against interlocutory appeal or are neutral.

a.    Factor (A) considers whether the Opinion involves a novel question of law in the state's jurisprudence.  Although Garcia Senior contends that personal jurisdiction has not previously been asserted on the exact facts present here, his narrow view ignores the well-settled rule of law that implicit consent can serve as a

---

corporation could be sued in a Delaware court based on its shipment of products and corresponding warranties to Delaware).

[15] *See* Supr. Ct. R. 42(b)(ii); *id.* 42(b)(iii)(A)–(H).

[16] *Id.* 42(b)(iii).

basis for personal jurisdiction.[17]  "The mere application of long-held precedent to new facts does not make an order worthy of appeal."[18]  Factor A does not support Garcia Senior's Application.

b.      Factor (B) asks the court to consider whether the Opinion conflicts with other trial court decisions.  Garcia Senior contends that the Opinion is inconsistent with the "longstanding Delaware precedent holds that purchasing or owning shares of stock in a Delaware corporation, standing alone, is not enough to enable a Delaware court to exercise personal jurisdiction over a non-consenting party, even in cases of sole ownership."[19]  The Opinion is not inconsistent with this longstanding precedent.  It was not Garcia Senior's status as majority stockholder, standing alone, that rendered him subject to personal jurisdiction in Delaware.  Rather, Garcia Senior implicitly consented to personal jurisdiction in this court by using his majority voting control to cause Carvana to adopt a Delaware forum selection provision in Carvana's certificate of incorporation requiring stockholders to bring claims for breach of fiduciary duty against him in Delaware courts. Factor B does not support Garcia Senior's Application.

---

[17] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985); *Petrowski v. Hawkeye-Sec. Ins. Co.*m 350 U.S. 311, 316 (1956); *Genuine Parts Co. v. Cepec*, 137 A.3d 123, 130 (Del. 2016); *see also In re Pilgrim's Pride*, 2019 WL 1224556, at *10–15 (Del. Ch. March 15, 2019) (holding that a parent company defendant impliedly consented to jurisdiction in Delaware when it caused its controlled subsidiary to adopt an exclusive forum bylaw designating Delaware as the appropriate forum for breach of fiduciary duty claims against controlling stockholders).

[18] *Ryan v. Gifford*, 2008 WL 43699, at *6 (Del. Ch. Jan. 2, 2008).

[19] Application at 11 (quoting *Pilgrim's Pride*, 2019 WL 1224556, at *14 n.9).

c.    Factor D looks to whether the Opinion sustains the controverted jurisdiction of the trial court.  The Opinion held that this court's exercise of personal jurisdiction over Garcia Senior is appropriate.  This factor is accordingly satisfied.  Although Factor D is satisfied, it is not dispositive.  In *Energy Transfer Equity, L.P. v. Twin City Fire Insurance Co.*,[20] for example, Factor D was satisfied, but the trial court denied certification because the remaining factors weighed against interlocutory appeal.[21]  The Supreme Court also denied interlocutory review.[22]

d.    Factor G consider whether interlocutory appeal may terminate the litigation.  Without citing any case law, Garcia Senior contends that this factor has been satisfied because reversal of the Opinion would terminate the litigation in this Court "as to him."[23]  This is true, but to the extent Factor G looks to judicial and administrative efficiency, it is irrelevant.  As noted in *Twin City Fire Insurance*, "successful interlocutory appeal would not necessarily terminate the litigation in its entirety" because other defendants would remain in the action even if the applicant were not subject to the trial court's personal jurisdiction.[24]  Similarly, in *Hitachi Koki*, the Supreme Court affirmed the trial court's denial of certification when the trial court noted that "there are still other defendants remaining in this action," and

---

[20] 2020 WL 6112299 (Del. Super. Oct.16, 2020).

[21] *Id.* at *3.

[22] *Twin City Fire Ins. Co. v. Energy Transfer Equity, LP*, 244 A.3d 682, 2020 WL 7861340, at *2 (TABLE) (Del. 2020).

[23] Application at 12.

[24] *Twin City Fire Ins. Co.*, 2020 WL 7861340, at *1.

7

thus certification would not promote the efficient resolution of the case.[25] Where, as here, the litigation against another litigant will continue regardless of the status of interlocutory appeal Factor G weighs against certification (or at best stands neutral on the issue).

     e.     Factor H asks whether interlocutory review of the Opinion may serve considerations of justice. Garcia Senior contends that interlocutory review will "avoid unnecessary expenditures of Delaware's scarce judicial resources and attendance burden on its citizenry," without providing any basis for this contention.[26] Garcia Senior argues that, under the logic of the Opinion, a corporation could use a forum selection provision to litigate against any stockholder, not just controllers.[27] This argument ignores the fact that the Forum Provision applies in actions "asserting a claim of breach of a fiduciary duty owed by any . . . stockholder of the Corporation to the Corporation or the Corporation's stockholders."[28] As noted in the Opinion, only controlling stockholders owe fiduciary obligations under Delaware law.[29] Accordingly, the Forum Provision does not truly apply to claims against "any" stockholder, and instead only applies to

---

[25] *Cardona v. Hitachi Koki Co., Ltd.*, 2019 WL 956779, at *2 (Del. Sup. Ct. Feb. 25, 2019), *aff'd*, *Hitachi Koki Co., Ltd. v. Cardona*, 207 A.3d 1128, 2019 WL 1716054 (TABLE) (Del. 2019).

[26] Application at 13.

[27] *Id.* at 10 n.4.

[28] Opinion at 5.

[29] *Id.* at 8.

controlling stockholders sued for breach of fiduciary duties. Further, Garcia Senior's contention that interlocutory review will allow him to avoid the length and cost of discovery is unpersuasive—as a participant in the challenged Direct Offering, Garcia Senior will likely be subject to discovery regardless. Factor H does not support the Application.

10. Beyond the listed factors, Rule 42(b)(iii) requires that an applicant demonstrate the benefits of review outweigh the probable costs. Although Garcia Senior argues that reversal could narrow the claims of this litigation, the parties would continue litigating substantially the same claims against Garcia Junior concerning the same Direct Offering. Garcia Senior also contends that the parties could waste substantial resources in the interim if the Supreme Court later reverses. This concern is not unique to Garcia Senior's application and would otherwise warrant certification after nearly every trial court decision even in cases lacking "exceptional" circumstances. Meanwhile, the original derivative complaint was filed in May 2020, and further delay at this still-early stage would only extend the resolution of this dispute to the plaintiff's detriment.

11. For the foregoing reasons, Garcia Senior's Application for Certification of Interlocutory Appeal is denied.

/s/ Kathaleen St. J. McCormick
Chancellor Kathaleen St. J. McCormick
Dated: October 3, 2022

9